## ATTIX, NOYES & CO. *v.* PELAN & ANDERSON.

Where a party accepts and treats a written contract as binding, it is the same as if he had put his signature to it; and such contract is not void, for want of mutuality.

The consideration for a contract, need not appear upon its face, but may

be proved by parol, or inferred from the terms and obvious import of the agreement.

Where a party to a contract, entitled to the benefit of a condition, upon the performance of which his responsibility is to arise, dispenses with the condition, or by any act of his own, prevents its performance, the other party is excused from showing a compliance with the condition.

Where the defendants entered into a contract with the plaintiffs, as follows: "In consideration of one dollar, to us paid by Messrs. A., N. & Co., we hereby grant them exclusive authority to negotiate a sale for us, of the property below described, for two months from date, and thereafter till withdrawn in writing on the face hereof; they to be allowed by us, two and a half per cent. commission, for such negotiation. And if any sale negotiated by the said A., N. & Co., fails by reason of defective title, commission shall be allowed as though the same had been consummated; and commission shall be allowed, if we avail ourselves, after withdrawal, of any negotiations had by said A., N. & Co., before such withdrawal. Or should we, in any way, fail to confirm a sale negotiated by them, by virtue hereof, such commissions shall be allowed. (Here follows a list of the property, with the prices, amounting to $34,257.50 in the aggregate.) Said A., N. & Co. to have all over the prices mentioned, and if the excess does not amount to two and a half per cent. on prices stated, then we agree to make it that amount," which agreement bears date March 19, 1856, and was signed by the defendants only; and where in an action on the contract, the plaintiffs alleged, that their chief business was that of commission agents for the sale of real estate; that they performed their part of the contract, and spent a large amount of money, time and labor, in endeavoring to effect a profitable and good sale of said lands, advertising the same, showing them to persons likely to buy, and sparing no pains to keep them before the public, and effect a sale at such prices as should be satisfactory to defendants, and compensatory to plaintiffs; that they would have succeeded in effecting such sale; that defendants did not perform their part of said contract, but interfered in the sale of said lands, and without advising plaintiffs, sold the same for the sum of $35,000, before the said two months had expired, to wit: May 17, 1856, and thereby rendered themselves unable to comply with any sale which might have been made by plaintiffs, whereby they have become liable to pay the plaintiffs, not only the commission of two and a half per centum, specified in said contract, but the further sum of three thousand dollars—to which petition a demurrer was sustained by the court;

*Held,* 1. That the contract was not void, for want of mutuality; nor for want of a consideration.

2. That the right of plaintiffs to their commission, and the obligation of defendants to pay the same, were to become absolute: 1. When a sale was negotiated by plaintiffs; 2. If a sale negotiated by them, was not completed by reason of defendants' title to the land, proving de-

. fective; 3. If defendants, after the expiration of two months, and after withdrawal, availed themselves of any negotiation had by plaintiffs, before withdrawal; and 4. If defendants failed to confirm a sale made by plaintiffs.

3. That if the plaintiffs, in good faith, undertook the performance of the contract on their part, and used all reasonable endeavors to effect a sale of the property, the defendants, during the two months to which the plaintiffs' authority was limited, could not revoke it, nor sell the property themselves, without compensating plaintiffs for services rendered; and that, if it is shown that by the act of defendants, any sale the plaintiffs might or could have made, was hindered or prevented, the defendants are liable for all the compensation that such sale, if made, would have brought the plaintiffs.

4. That as the petition averred, that defendants wilfully interfered and disabled themselves from carrying out their part of the contract, and that plaintiffs were thus prevented from making a sale, which they otherwise would have been able to make, the plaintiffs need not aver any other performance on their part, than that they undertook the performance of the contract on their part, in good faith, and used reasonable endeavors to effect a sale of the property, as full performance was excused and waived by the act of defendants in making the sale.

### *Appeal from the Dubuque District Court.*

### Friday, December 11.

The plaintiffs, averring that their chief business is that of commission agents for the sale of real estate, claim damages of the defendants for an alleged breach of the following agreement:

"In consideration of one dollar, to us paid by Messrs. "Attix, Noyes & Co., we hereby grant them exclusive "authority to negotiate a sale for us, of the property be-"low described, for two months from date, and thereafter "till withdrawn, in writing, on the face hereof; they to be "allowed by us two and a half per cent. commission for "such negotiation. And if any sale negotiated by the "said Attix, Noyes & Co., fails, by reason of defective ti-"tle, commission shall be allowed as though the same had "been consummated; and commission shall be allowed, if

" we avail ourselves, after withdrawal, of any negotiations
" had by said Attix, Noyes & Co., before such withdrawal.
" Or should we, in any way, fail to confirm a sale nego-
" tiated by them, by virtue hereof, such commissions shall
" be allowed.    (Here follows a list of the property, with
" the prices, amounting to $34,257 50, in the aggregate.)
" Said Attix, Noyes & Co. to have all over the price men-
" tioned, and if the excess does not amount to two and a
" half per cent., on prices stated, then we agree to make it
" that amount.

" March 19th, 1856.          PELAN & ANDERSON."

The plaintiffs aver that they performed their part of the
contract, and spent a large amount of money, time, and
labor, in endeavoring to effect a profitable and good sale of
said lands—advertising the same, and showing them to per-
sons likely to buy, and sparing no pains to keep them be-
fore the public, and effect a sale at such prices as should
be satisfactory to defendants, and compensatory to plain-
tiffs ; and that they would have succeeded in effecting such
sale, but defendants did not perform their part of said con-
tract, but interfered in the sale of said lands, and, without
advising plaintiffs, sold the same for the sum of thirty-five
thousand dollars, before the said two months had expired,
to-wit : on the 17th of May, 1856, and thereby rendered
themselves unable to comply with any sale which might
have been made by plaintiffs, and whereby they have be-
come liable to pay to plaintiffs, not only the commission
specified in the contract, of two and a half per centum,
but, having, by their interference, rendered themselves
unable to comply with any contract the plaintiffs might
have made for the sale of the lands, and which would have
yielded them a compensation of three thousand dollars,
they have become liable to pay to plaintiffs, the said sum
of three thousand dollars, as damages.    To this petition,
the defendants demurred ; the demurrer was sustained by
the court ; and judgment rendered against the plaintiffs,
from which judgment they appeal.

*Smith, McKinlay & Poor,* for the appellants, cited *Patchin* v. *Swift,* 21 Vert., 292; *Butrick* v. *Holden,* 8 Cush., 235; *Newcomb* v. *Blackett,* 16 Mass., 161; *Williams* v. *Bank of U. S.,* 2 Peters, 102; *Alexander* v. *Burden,* 14 B. Monr., 154; *Bull* v. *Schubert,* 2 Maryland, 38; *Gottschalk* v. *Jennings,* 1 La. An., 5.

*Nightengale & Wilson,* and *John Dowd, Jr.* for the appellees, relied on *Pearsons* v. *Lee,* 1 Scam., 193; *Co. Com.* v. *Jones,* Breese, 103; *Cornelius* v. *Cohen,* Breese, 92; *McKinley* v. *Watkins,* 13 Ill., 140; Story on Cont., Sec. 377; Chitty on Cont., 13; *Tucker* v. *Woods,* 12 Johns., 190; *Keep & Hale* v. *Goodrich,* 12 Ib., 397; *Livingston* v. *Rogers,* 1 Caines, 538; 1 Chitty Plead., 297; *Cook* v. *Oakley,* 3 Term, 653; *Coleman* v. *Carrigues,* 18 Barb., 60.

STOCKTON, J.—The instrument of writing sued on, is an undertaking by defendants, that plaintiffs, for two months, and thereafter until revoked in writing, should have exclusive authority to sell for defendants, the real estate therein described, for a sum not less than the price therein fixed. The plaintiffs were to be allowed a commission of two and one half per centum, for the negotiation. They were to have, however, all that the property sold for, over and above the stipulated price, and if such excess did not amount to the two and a half per centum, on the stated prices, the defendants agreed to make up their compensation to that amount.

The plaintiffs, in support of their right to recover, aver that they are commission agents for the sale of real estate, and that as such, defendants contracted with them; that they performed their part of said contract, and spent a large amount of money, time and labor, and spared no pains, in endeavoring to effect a sale of the property, at satisfactory prices; and that they would have effected such sale, but the defendants, before the expiration of said two months, and without notice to plaintiffs, sold the prop-

erty, and thereby rendered themselves unable to comply with any contract of sale, that plaintiffs might have negotiated within the time limited.   By disposing of the property before the expiration of the two months, and by thus preventing plaintiffs from making sale thereof, they claim that defendants have rendered themselves liable for the amount of the commission specified in the agreement. And plaintiffs further claim, that but for such interference by defendants, and but for their wilfully disabling themselves from carrying out their part, they, the plaintiffs, would have been able to sell the property for a price that would have yielded them a compensation, of three thousand dollars, and that they have been damaged to that amount, which they claim to recover of defendants.

1. The first question raised by the demurrer, is that there is no mutuality in the agreement set out in the petition—it not being signed by plaintiffs.   In reference to this, it is sufficient to say, that plaintiffs accepted and adopted the written agreement as binding upon them, and acted upon it, and when such is the case, it is the same as if they had put their names to it.   *Patchin* v. *Swift*, 22 Vt. 292.

2. So, in respect to the consideration—the alleged want of which, is the second question raised by the demurrer. It need not appear upon the face of the contract; it may be proved by parol, or it may be inferred from the terms and obvious import of the agreement.   *Patchin* v. *Swift*, *supra*.   The consideration was the undertaking of the plaintiffs to try and find a purchaser of the property.   And their efforts in this respect; their time, labor and money, expended in endeavoring to effect a sale, constitute a sufficiently adequate consideration to support the promise on the part of the defendants.

3. The third question raised is, that there is no sufficient averrment of performance on their part by plaintiffs; that they did not negotiate a sale of the property; and that such negotiation, was a condition precedent to their right to recover.   The plaintiff's undertaking was, not

that they would effect a sale absolutely, but that they would use their exertions to sell.   It is averred that they performed their part of the agreement, by endeavoring to effect the sale, but were hindered in accomplishing the object, by the interference of defendants.   The question is whether defendants have not waived the performance of the condition, by rendering it impossible.   If a party to a contract, entitled to the benefit of a condition, upon the performance of which, his responsibility is to arise, dispenses with it, or by any act of his own, prevents the performance, the other party is excused from showing a compliance with its conditions.   *Williams* v. *Bank U. S.*, 2 Peters, 96.

The district court held that the petition was defective, in not averring that the sale of the property was brought about by the instrumentality of the plaintiffs; that they were entitled to recover their full compensation, *if* the sale was negotiated, or induced by them, or a reasonable compensation for their money, time and labor expended in endeavoring to effect a sale, if such a result was prevented by the interference of defendants, or by their selling the property themselves before the expiration of the time limited; and that as the petition does not aver, that the sale was brought about by plaintiffs, and does not set forth their demand in the light of an obligation on defendants to pay for reasonable expenses, (no sale having been effected by plaintiffs), it was insufficient.   This view of the rights of the plaintiffs, and of the liability of the defendants, is entirely too narrow.   The parties did not contemplate that they were to be confined within any such limits.   The right of the plaintiffs to their commission, and the obligation of defendants to pay the same, were to become absolute: 1. when a sale was negotiated by plaintiffs; 2. If a sale negotiated by them, was not completed by reason of defendant's title to the property proving defective; 3. If defendants, after the expiration of the two months, and after withdrawal, availed themselves of any negotiation had by plaintiffs before withdrawal; 4. If defendants failed to con-

firm a sale made by plaintiffs. Although the plaintiffs may
have used every exertion, and expended their money, time
and labor in endeavoring to negotiate a sale, yet if they
did not effect it, they were not to receive any remunera-
tion, even for necessary expenses. But if, in good faith,
they entered upon the business of their principals, and made
exertions to sell their property according to this agree-
ment, (and if they show that they would have effected a
negotiation, but for defendants' interference, and selling
the property themselves), they are entitled to their com-
pensation, although they did not effect a sale, if the prop-
erty was sold by defendants within the two months.

The court further held, that it was competent for de-
fendants, at any time before a sale was effected by plain-
tiffs, to withdraw their written authority to them to sell;
that this might be done by selling the property them-
selves; and that until performance by plaintiffs, the
writing sued on was to be regarded merely in the light
of a proposition to sell, entitling plaintiffs to their com-
pensation only in the event of a sale made by them, or
by their instrumentality. This view of the case by the
district court, in our opinion, was erroneous. If the
plaintiffs, in good faith, undertook the performance of
their part of the contract, and, as averred in their pe-
tition, used all reasonable endeavors to effect a sale of the
property, the defendants, during the two months to which
the plaintiffs' authority was limited, could not revoke it,
or sell the property themselves, without compensating
plaintiffs for services rendered; and if it is shown that,
by their act, any sale that plaintiffs might or could have
made, was hindered or prevented, they are liable for all
the compensation that such sale, if made, would have en-
titled them to.

This view of the case, disposes of the question made,
whether the plaintiffs are entitled to recover only the
commission of two and one-half per centum, on the stipu-
lated price, or such greater amount as they may be able
to show that they could have sold the property for, but for

the interference of defendants. As, by the agreement, they had the exclusive right to sell for two months, they are entitled to recover all that such exclusive right would have brought to them, if the sale was prevented by defendants' interference with their rights. As it is averred, in plaintiffs' petition, that defendants wilfully interfered and disabled themselves from carrying out their part of the contract, and that plaintiffs were thus prevented from making a sale, which they otherwise would have been able to make, they need not aver any other performance on their part, as such performance was excused, and waived by the act of defendants; and defendants have, by such interference, rendered themselves liable for all the damages plaintiffs have thereby sustained. The defendants' promise to pay a commission of two and one-half per centum, is not more certain and binding, than their obligation to pay all that the property brought over and above the stipulated price, if plaintiffs should sell it for more than that price. Both rest on the same consideration, and the different liability was to arise, only under a different state of facts.

In a recent English case, the plaintiff was employed as clerk, under a contract of hiring for two years, at £150, for the first year, £160, for the second year, and 50 per cent., on the gross profits. The defendant, alleging disobedience of orders and misappropriation of moneys, discharged him. The jury found these issues against the defendant, and gave the plaintiff a verdict for twelve months' salary and twelve months' share of profits. One year's salary, within a trifling sum, had been paid. A motion to set aside the verdict, on the ground that the damages were excessive, was denied. WILDE, C. J., said: "With respect to the amount of damages, it was for the jury to say what amount of compensation the plaintiff was entitled to, for the defendant's breach of contract." *Smith* v. *Thompson*, 8 Man. Gr. & S., 42. Objecting to the language of the court, SEDGWICK says: "Why, in a case of this kind of simple contract, is it for the jury to fix,

without control, the defendant's liability? If, in a case of this description, there is no rule of damages, it would seem to be difficult to declare one in any." The rule, he says, is this: that the plaintiff has a right to recover the stipulated wages for the full time, subject to the defendant's right to recover whatever the plaintiff might, during the period, have reasonably earned. Sedgwick on the Measure of Damages, 351. So, where it was agreed between the plaintiff and the defendant, that in case of a vacancy occurring in the command of a certain East India vessel, the plaintiff should be appointed for two voyages, it was held, that the jury might give damages for what the plaintiff could have earned in both the voyages, and that they were not limited to one. *Richardson* v. *Mellish*, 2 Bingham, 229. "Here, also, (says Mr. SEDGWICK), the jury were bound to give their verdict for both the voyages, subject, of course, to the right to recoupment."

The plaintiffs in this case are, therefore, entitled to recover on their petition, what they could have earned by any sale they show they could have made. If they could not have made a sale, they may, under an amended petition, recover such reasonable compensation for their services, as they may be shown to have been worth to defendants.

Judgment reversed.