## The First National Bank of Decorah v. Manning.

**Estoppel:** ACTS AND DECLARATIONS. The rule that the acts and declarations of one not authorized to make them cannot operate as an estoppel of the person respecting whom or whose rights they are made, exemplified in the present case.

*Appeal from Winnesheik District Court.*

FRIDAY, DECEMBER 12.

ACTION in chancery. The petition alleges that defendant executed to one Press, or bearer, a promissory note, which, upon its face, calls for $50, but the consideration thereof was $150, and it was the intention of the parties that it should be for that amount. Through mistake and oversight the word "fifty" was written therein instead of "one hundred and fifty," and the note thereby failed to express the true contract as made by the parties. The plaintiff is now the holder of the note by transfer from the payee. The petition prays for the correction of the mistake and a reformation of the note, and for judgment for the amount intended to be secured thereby, with interest. The defendant denies the mistake and avers in his answer that the note expresses the true intention and contract of the parties thereto.

The cause was sent to a referee, and upon his report a decree was rendered for defendant. Plaintiff appeals.

*John T. Clark* and *M. P. Hathway* for the appellant.

*Willett & Wellington* for the appellee.

BECK, Ch. J.— I. The main question in the case turns upon the evidence. It involves the fact whether there was a mistake made by the parties in the execution of the note. The evidence upon this point is conflicting and contradictory, with the preponderance, to our minds, in favor of defendant. While the payee gives positive evidence in support of plaintiff's theory of the case, the defendant is equally positive in his testimony in denying the mistake and in asserting that the note expresses the true contract of the parties. We think the evidence of the latter is the better supported and more strongly corroborated by other evidence. In accordance with our custom we forbear entering upon a discussion of the evidence.

II. After the note came into the hands of plaintiff defendant was notified of the fact, and payment was demanded. His son, with whom he was associated as a partner in some business, being spoken to by one of the officers of the bank in regard to the note, and informed that it called for $150, replied that his father had given such a note and it should be paid. He afterward called at the bank and paid $150 and interest thereon, and took up the note and carried it to his father. The defendant, upon seeing the note in the hands of his son, at once declared that in the transaction upon which the note was based he had agreed to pay but $50, and the note upon its face was correct. It was returned to the bank and the money paid by the son, less $50 and interest, was repaid him with the agreement that plaintiff should not be prejudiced by the transaction in any suit that might be brought upon the instrument. Plaintiff claims that upon the facts, as thus developed, defendant is estopped to deny that he is bound by the note to pay $150 and interest. We cannot concur in this view of the law. The son was not a party to the note and was in no sense the agent of the father authorized to bind him either by payment of the note or promise of payment. The plaintiff had no ground, based upon any act or words of defendant, to believe that any such relation existed between the father and son. The son's acts and declarations in regard to the note were purely voluntary and unauthorized by the father. The partnership existing between them had no relation to the note or the transaction upon which it was based. The money paid by the son upon the note, it is said, was partnership money. If that be so it does not change the nature of the case, for it was paid without the authority of the father, and it cannot be claimed that upon the fact of payment alone the estoppel is supported.

It is claimed, that upon the declarations of the son, that the note should be paid, plaintiff was induced to believe the note to be correct, and did not, for that reason, seek a remedy against the payee. But, as we have seen, the son was a stranger to the transaction and had no power to bind the father, by con-

tract or otherwise, in any matter pertaining thereto. Certainly, under these circumstances, no act or word of his would work an estoppel against the defendant.

In our opinion the decree of the district court dismissing plaintiff's petition is correct. It is therefore

Affirmed.