## Dows & Co. v. Morse & Lilly.

1. **Contract:** SIGNED BY ONE PARTY ONLY: EVIDENCE. A contract which has been signed by one of the contracting parties only, but which has been recognized and acted upon by both, is binding upon both, and is admissible in evidence in an action between them.

2. **Replevin:** OF CORN PURCHASED UNDER CONTRACT: EVIDENCE. Where plaintiffs entered into a contract to furnish money to defendants wherewith the latter were to buy corn for plaintiffs, and it appeared that defendants, when they had bought a crib of corn, would mark the crib with plaintiffs' name and draw upon plaintiffs for the cost of the same, accompanying the draft with a receipt for the crib, *held* that the corn thus became the property of plaintiffs, as between them and the defendants, and, in an action between them to recover possession of the corn, it was immaterial that it was bought with defendants' and not with plaintiffs' money, and that defendants had given to others crib receipts for portions of the same corn, and that defendants removed the corn from the cribs for the purpose of shelling and shipping.

3. **Contract:** AGENCY: TENANCY IN COMMON. Under the contract involved in this case, (see opinion,) whereby defendants were to purchase corn with plaintiffs' money, *held* that defendants were the agents of plaintiffs, and not tenants in common with them of the corn.

*Appeal from Adams Circuit Court.*

FRIDAY, DECEMBER 7.

THIS is an action of replevin for a large quantity of corn in bins, in Corning and Preston, and in an elevator owned by the defendant, Lilly. The trial was to a jury, and resulted in a verdict and judgment for the plaintiffs. The defendants appeal.

*C. C. Wilson* and *Davis, Wells & Russell*, for appellants.

*Stewart Brothers* and *C. D. Kasson*, for appellees.

DAY, CH. J.—I. The defendants executed an agreement as follows: "Memorandum of agreement between David Dows & Co. and Morse & Lilly, of Corning, Iowa. David Dows & Co. are to provide Morse & Lilly the money necessary from time to time to purchase such quantity of sound corn at Corning, Iowa, as David Dows & Co. deem advisable. Morse & Lilly agree to make such purchase for David Dows & Co., and to use the money thus provided for no other purpose than the purchase of sound ear corn as above stated, and the expenses necessarily connected therewith, and the corn so purchased shall be the property of David Dows & Co., and the cribs containing the same shall be marked with the name of David Dows & Co. It is further agreed between the above mentioned parties that Morse & Lilly, as compensation for their services in purchasing, handling, cribbing, shelling and shipping the above corn, shall receive whatever sum may remain when the corn is sold by David Dows & Co., after David Dows & Co. shall have received the money so invested, and interest thereon at the rate of ten per cent. per annum, also one cent per bushel, and all freight and other charges incurred by them. And Morse & Lilly further agree, in consideration of the premises, to guarantee David Dows & Co., against all loss on account of the purchase of the above mentioned corn, and to make good to them their investment, with interest, also one cent per bushel, and such charges and expenses as may be incurred by them. MORSE & LILLY."

The defendants also executed another contract exactly like the one above set out, with the exception that the name of "Prescott" is inserted instead of that of "Corning."

The plaintiffs offered these contracts in evidence. The de-

fendants objected upon the ground that they are not signed by David Dows & Co. The court overruled the objection. The defendants assign this action as error. The evidence shows that the plaintiffs accepted the contracts and advanced a large amount of money thereunder, and that, pursuant thereto the defendants purchased a large quantity of corn, and placed it in the bins in question, upon which the name of plaintiffs was marked. Under these circumstances the contract is binding upon both parties, although not signed by plaintiffs. *Wise v. Ray*, 3 G. Greene, 430; *Attix, Noyes & Co. v. Pelan*, 5 Iowa, 336. The court did not err in admitting the contracts in evidence.

*1. CONTRACT: signed by one party only: evidence.*

II. The plaintiffs produced as a witness George A. Morse, one of the defendants, who testified in substance that the defendants bought the corn in controversy, under the contracts in question, for David Dows & Co., and that when a crib was full they made out a crib receipt and drew a draft on David Dows & Co., and deposited the draft and crib receipt with the banking house of Frank & Darrow, who placed the same to the credit of Morse & Lilly, and forwarded it for collection, and delivered the crib receipt to David Dows & Co. Upon cross-examination this witness stated: "We drew drafts, attached the same to crib receipts, and got the money through our bankers, and when the money was received it was used by us to purchase grain." The defendants' counsel then asked the following questions: "Did you use it to purchase this particular corn, or did you use it in your general fund?" The plaintiff objected to this question. The court sustained the objection, and remarked in the presence of the jury as follows: "I think the simple question raised by the issues, of the right of possession, is whether, in pursuance of this contract, the corn was set apart as coming within the contract by the parties, and placed subject to the conditions of the contract. I do not think it makes a particle of difference where the money came from. If, in pursuance of the contract, the parties turned it over under the

*2. REPLEVIN: of corn purchased under contract: evidence.*

contract and rendered it subject to it, and that was the intention of the parties, then it would become subject to the contract." Defendants' counsel then stated to the court: "We offer to prove by this witness, on cross-examination, that this corn was not bought with the money furnished by David Dows & Co., but that the money they obtained from David Dows & Co. was placed in their general bank account, with all their other funds, and used generally for any purpose. We offer to prove, further, that this identical corn that was replevined was taken in from farmers and stored, and was at the time corn that was stored for farmers, and that the farmers held crib receipts for same." The plaintiff objected to this evidence upon the ground, amongst others, that defendants are estopped by their crib receipts from claiming that this corn was purchased for David Dows & Co. The court sustained the objection, and remarked as follows: "I think it would not be proper. While, as between a farmer who is claiming under a crib receipt and David Dows & Co. who are claiming crib receipts, some question might arise, as to these parties, they would be held to just the corn that they turned over to the parties in this action, as coming within the purview and intent of the contract; that is to say, held to the conditions of the contract, whatever they are; and they could not go outside of their own acts in setting apart the corn and declaring it a part of the corn that was bought under the contract." The defendants excepted, and assign the rejection of this evidence as error. The action of the court was right. The evidence shows that the corn was placed in bins upon which the name of plaintiffs was marked, as required in the contracts. This constituted a designation and setting apart of the corn for the plaintiffs. Whatever might be the rights of third parties, the defendants could not defeat the rights of plaintiffs by showing a wrongful commingling of the plaintiffs' money with their own.

III. The witness, Morse, upon cross-examination, testified as follows: "We bought the corn mentioned in crib

receipts at Corning and Prescott. The receipts show when it was bought. On Monday after the fourteenth of October, some of the corn was hauled to the elevator from the cribs." The defendants then proposed to show by this witness that the firm did their shelling and shipping from the elevator. The plaintiffs objected. The court sustained the objection, and remarked that the only question the court would inquire into was the question of the right of possession. This action of the court was right. Even if the grain was removed to the elevator for a proper purpose, this fact would not militate against the plaintiffs' right of possession under the contract.

IV.   The court instructed the jury as follows: "If the jury find from the evidence that the defendants, Morse & Lilly, purchased corn in controversy under and in pursuance of the contracts which have been introduced in evidence, and that they placed the corn in cribs, and marked said cribs in the name of David Dows & Co., and executed and delivered to David Dows & Co. the crib receipts which have been admitted in evidence, such acts would amount in law to a delivery of the corn to David Dows & Co., and defendants, Morse & Lilly, would have no right of possession in the said corn, except to handle the same in shelling and shipping such corn with the consent of David Dows & Co.; and if Morse & Lilly undertook to remove said corn from such cribs, without the consent of David Dows & Co., or any part of the same, or against their direction or protest, such taking or disposition of the corn would constitute a wrongful taking of the same." It is insisted that to make this instruction consistent with the other instructions the court should have added the following: "Unless appellant took the same for the purpose of shelling and shipping." But the court in this instruction is speaking of acts of the defendants done without the consent of the plaintiffs. Without the consent of the plaintiffs, the defendants would have no right to take the corn, even for the purpose of shelling and shipping.

V.   The court further instructed the jury as follows: "Un-

der the contract in question the defendants, Morse & Lilly,
would be the agents of David Dows and & Co. in
the purchasing, cribbing shelling and shipping
of the corn purchased under the contract, and the
authority that is conferred upon Morse & Lilly is only the
authority to shell and ship the corn in the cribs as their prin-
cipals, David Dows and Co., shall direct; and assertion of any
right to said corn that would be counter to, or would defeat,
the right of plaintiffs, David Dows & Co., would be a wrong-
ful taking of the same." The defendants insist that in.this in-
struction the court misconstrued the contract. They insist
that under the contract the plaintiffs and defendants were ten-
ants in common. No authority is cited in support of this
position. We do not think it is correct. See *Reed v. Mur-
phy*, 2 G. Greene, 574; *Price & Co. v. Alexander & Co.*, Id.,
427; *Crooker Bros. & Lamereaux v. Brown*, 40 Iowa, 144.
There was no error in the other rulings of the court.

AFFIRMED.

*3. CONTRACT: agency: tenancy in common.*