## VAN SANDT v. DOWS & Co.

1. **Set-off**: RIGHT OF AS AGAINST ASSIGNEE AND ADMINISTRATOR. As a general rule, an assignee or administrator acquires by the assignment or letters of administration only such rights as the assignor had at the time of the assignment, or the decedent had in his life time; and where the debtor of the assignor or of the decedent has a right of set-off at the time of the assignment by the one, or before the death of the other, he retains such right as against the assignee or administrator. (See authorities cited.) But where a person becomes indebted to an assignee or administrator by reason of a wrongful seizure and appropriation of property belonging to the estate, in an action brought to recover for the wrongful act, the right of set-off should not be allowed.

2. **Contract of Agency**: FACTS CONSTITUTING: PURCHASE OF CORN WITH ANOTHER'S MONEY. Where a contract was made between two parties, whereby the first party was to purchase corn with money to be furnished by the second party, the corn to be the property of the second party, and the cribs containing the same to be marked with his name; and the corn was to be sold by the second party, who was to retain out of the proceeds the amount of the original purchase-money, with interest at eight per cent, and one cent per bushel upon the corn so handled, all of which the first party was to guarantee to the second party, and to have the residue of the proceeds as compensation for his services, *held* that under the contract the first party became the agent of the second party, and that the money advanced to him under the contract was not in the nature of a loan.

3. **Set-off**: RIGHT OF NOT LOST BY GIVING BOND TO SECURE ADVERSE CLAIM. Where one gives a bond to secure the payment by him of an unliquidated demand against which he has a set-off, he may plead his set-off in an action upon the bond, even though he does not in the bond reserve his right to do so. Such reservation is not necessary.

*Appeal from Page Circuit Court.*

WEDNESDAY, JUNE 4.

THE plaintiff is assignee of one John T. Porter, under an assignment made by Porter as an insolvent for the benefit of his creditors. The assignment originally was made to one Webster. He afterwards died, and the plaintiff was appointed assignee in his place. This action is brought upon a bond executed by the defendants to Webster. The defendants filed an

answer, to which the plaintiff demurred. The court overruled the demurrer, and from the order overruling the same the plaintiff appeals.

*McPherrin Bros.* and *Hepburn & Thummel*, for appellant.

*Stuart Bros.* and *W. W. Morseman*, for appellees.

ADAMS, J.—The petition shows, in substance, that in September, 1880, the defendants, David Dows & Co., entered into a written contract with the plaintiff's assignor, John T. Porter, whereby Porter was to use money furnished by David Dows & Co. in the purchase of corn. It was provided in the contract that "the corn so purchased shall be the property of David Dows & Co., and the cribs containing the same shall be marked with the name of David Dows & Co.;" that Porter should have, as compensation for his services, "whatever sum may remain when the corn is sold by David Dows & Co., after David Dows & Co. have received the money so invested, and interest thereon at the rate of eight per cent per annum, also one cent per bushel, and all freight and other charges and expenses incurred by them;" that Porter "agrees. in consideration of the premises, to guarantee David Dows & Co. against all loss on account of the purchase of the above mentioned corn, and to make good to them their investment with interest;" that Porter under this contract purchased large quantities of corn, and cribbed the same at the towns of Clarinda, Runnells and Hepburn; that after the assignment a controversy arose between the defendants, David Dows & Co., and the assignee, Webster, in regard to the right of the former to remove the corn and sell the same; that the defendants, for the purpose of being allowed to exercise their alleged right without molestation by the assignee, gave him the bond now sued on; that in such bond it was provided that, "whereas said Webster, as assignee, objects to the said David Dows & Co. shipping said corn until the com-

pensation or profits to said Porter for buying the same are paid or secured to the said Webster as such assignee, now we, the said David Dows & Co., without conceding the right of said Webster to detain said corn, or to demand such payment or security, hereby bind ourselves in the penalty of $15,000 to pay to said Webster all sums due or to become due from them to him as such assignee, or to said Porter, on said contract, as compensation or profits thereon;" that after the execution of this bond the defendants shipped the corn to Chicago, and sold it there; and that there remained from the proceeds of the sale a large sum of money due to the assignee as the profits and compensation of Porter under the contract.

The defendants in their answer admit the execution of the contract and bond, but they deny that there is anything due the plaintiff. They admit that certain profits were realized for said Porter, but aver that he was indebted to them in larger amounts on other accounts, which they claimed the right to set-off. A copy of the accounts was attached.

The question raised by the demurrer to the answer pertains to the right of the defendants to set-off the other accounts in an action by the assignee upon the defendants' bond. As a general rule, an assignee acquires by the assignment only such rights as the assignor had at the time of the assignment. *Roberts v. Corbin*, 26 Iowa, 315. Where a debtor of the assignor has a right of set-off at the time of the assignment, he retains such right as against the assignee. *Jordan v. Sharlock*, 84 Penn. St., 366; *Fry v. Boyd*, 3 Grattan, 70; Burrill on Assignments, 538. A right of set-off exists in an action brought by an assignee in bankruptcy. See 3 Parsons on Con., 483. Such right also exists in an action brought by an administrator, where the defendant had a right of set-off before the death of the intestate. *Lucore v. Kramer*, 22 Iowa, 387. The plaintiff insists, however, that the case at bar differs in this, that the indebtedness sued on grew out of a sale by defendants of property which passed by the assignment and

1. SET-OFF: right of as against assignee or administrator.

·belonged to the assignee. Where a person becomes indebted to an assignee or administrator by reason of a wrongful seizure and appropriation of property belonging to the estate, it is abundantly evident that, in an action brought to recover for the wrongful act, the right of set-off should not be allowed. *Nicoll v. Mumford*, 4 Johns. Ch., 522.

But in our opinion the property sold in the case at bar did not belong to the assignee. The question as to whether it did or did not depends upon the construction which should be given to the contract under which Porter acted at the time the corn was purchased by him and cribbed. A contract in the same words appears to have been construed in *Dows & Co. v. Morse & Lilly*, 62 Iowa, 231. It was held in that case that the defendants were agents of Dows & Co. While the question presented in that case does not appear to have received elaborate consideration, we have to say that we think that the decision is correct. It is expressly stipulated that the corn shall be the property of David Dows & Co., and that the person acting as purchaser shall be compensated for his services. The plaintiff's theory is that Porter was a borrower of the money. This theory is predicated upon the fact that, in determining what Porter should receive, it was agreed that David Dows & Co. should have eight per cent interest upon the investment, and the further fact that Porter guaranteed David Dows & Co. against loss on account of the purchase, and agreed to make good the investment and interest. It is not to be denied that the use of the word interest, taken by itself, would indicate a loan. But the eight per cent stipulated for is eight per cent upon the investment in corn which was to be the property of David Dows & Co., and the loss guaranteed against is loss on account of the purchase. It seems clear to us that Porter did not receive the money as borrower, and that, if the money after it came into his hands had been lost or stolen without his fault, it would not under the contract have been his loss. It follows that he

<div style="margin-left:2em; font-size:smaller">
2. CONTRACT of agency: facts constituting: purchase of corn with another's money.
</div>

must have received the money as agent, and that as such he owed his employers the duty of investing it; and we think he did not cease to be agent and become a borrower by the act of investment.

But it is claimed that the defendants' liability arose upon their bond, and must be determined by the terms of the bond, and that, being so determined, it cannot be held **3. SET-OFF: right of not lost by giving bond to secure adverse claim.** to be subject to the right of set-off. The bond obligated the defendants "to pay the said Webster all sums due or to become due from them to him as such assignee, or to said Porter, on said contract, as compensation or profits." The bond did not create a new liability. Its office was to secure the performance of the one already existing. The defendants owned the corn, and were under obligations to sell it and pay the stipulated compensation or profits. The assignee sought and obtained security that this would be done. It was not necessary, we think, to reserve in the bond the right of set-off in order to preserve it. Possibly it would have been, if the office of the bond had been to create a new liability, but we are unable to discover upon what principle we should regard it necessary, if, as we hold, the bond was designed merely as security. But it is said that Porter was not in fact indebted upon the accounts pleaded by way of set-off. To this we have to say that the answer avers that he was, and the question presented arises upon demurrer to the answer. In our opinion the demurrer was properly overruled.

AFFIRMED.