EDWARD LOOTS, Appellant, v. J. W. CLANCEY et al., Appellees.

No. 39531.

DECEMBER 13, 1929.

*Hudson & Hudson* and *J. M. Berry,* for appellant.

*A. J. Shaw* and *Gray & Gray*, for Charles Hamilton, appellee.

*Frank P. Hogan*, for First National Bank of Fonda and E. H. Tiedman Grain Company, appellees.

*T. F. Lynch* and *Frank A. Fairburn*, for J. W. Clancey, Maggie Clancey, and A. S. Wood, appellees.

MORLING, J.—On June 29, 1921, defendant Clancey executed to defendant Hamilton a promissory note for $500, due March 1, 1922. On March 1, 1922, Clancey executed to Hamilton a note for $850, due March 1, 1923. We understand from the oral argument and from an allegation in the petition that, on these dates, Clancey was the owner of the land involved in this action, and Hamilton was occupying it under lease from Clancey. The facts in regard to the then lease or its terms or the notes are not shown. On September 15, 1924, Clancey made a written lease to Hamilton of the land in question for the term of three years from March 1, 1925, to March 1, 1928. By this lease Hamilton agreed ''to pay as rent * * * to the first party [Clancey] one half of all corn raised on said farm and two fifths of all small grain. For all uncultivated land to pay $7.00 per acre on or before October first of each year.'' On May 18, 1927, Clancey executed to plaintiff the note for $6,160 here sued on, and, to secure it, mortgage on the same premises, ''together with all the rents and profits to be delivered therefrom * * * which are hereby granted and pledged unto second party [plaintiff] * * * This mortgage also to cover all of the first parties' share of all crops raised on the within described land, the proceeds from the sale of which to first be used in the payment of taxes, second, interest on first mortgage; and third, interest on this mortgage. * * *'' The mortgage provided for the appointment of a receiver in the event of foreclosure. This mortgage was subject to a first mortgage of $16,000. On May 26, 1927, Clancey assigned the lease which he had with Hamilton to the holder of the first mortgage, ''as collateral for interest due on farm mortgage loan and taxes.'' On January 10, 1928, the holder of the first mortgage, in consideration of payment of interest and taxes, assigned the lease (but not the mortgage) to plaintiff. Plaintiff's petition alleges that ''the mortgage [to him] pledges the rents, issues and profits * * *

to the payment of the debt secured thereby,'' but that Clancey is insolvent; that the rental share of the oats, or the proceeds from the sale of them, are in the possession of defendant company; that Hamilton, the Grain Company, and other defendants ''have, or claim to have, some lien upon or interest in said mortgaged premises and the rents and profits thereof, but plaintiff alleges that whatever lien or interest the said defendants, or either of them, may have or claim to have * * * is junior and inferior to the lien of plaintiff's mortgage.'' Plaintiff prays for judgment against Clancey on the note, and for sums paid for delinquent taxes and interest on first mortgage, and that the judgment be decreed to be a lien upon the land and the rents and profits, ''and that the lien and interest of the defendants * * * upon the mortgaged property may be decreed to be junior and inferior to plaintiff's mortgage,'' and that a receiver be appointed. In an amendment, plaintiff, setting up the lease and assignment to the holder of the first mortgage and the later assignment to plaintiff, alleges that, by reason thereof, ''plaintiff has a further and additional and prior lien upon the rents accruing under said lease, for the advancement by him in the payment of said interest and taxes.'' Plaintiff asks that he be decreed to have a lien upon the landlord's share of the rents and crops grown during 1927, including a lien on the proceeds of the sale of crops in the hands of defendant Grain Company; that the rents be ordered applied to the extinguishment of plaintiff's claim for interest and taxes. The answer of defendant Hamilton sets up Clancey's notes to him, and alleges that defendant is entitled to retain any sum owed under the lease, to apply thereon. It is stipulated that Clancey is insolvent, and plaintiff's security inadequate; that, about August 19, 1927, Hamilton delivered to defendant Grain Company, in the name of Hamilton, from the 2,592 bushels of oats raised on the leased premises, 1,035 bushels, the purchase price of which was $383.33; that the corn raised on the leased premises during 1927 is still in the possession of Hamilton on the farm, ''no division thereof having been made, or any part thereof set apart'' to the landlord; that there are 16½ acres of land subject to $7.00 per acre rent. It is stipulated that, Clancey being insolvent, unless Hamilton is granted right of set-off of the proceeds of the lease to the payment of his notes, the notes would be uncollectible.

Plaintiff's propositions are that he has a valid chattel mortgage "on the rental share of the crops and the rents and profits from the mortgaged real estate; that Clancey and his wife had such an interest in the crops * * * that they could execute and deliver a valid and binding chattel mortgage covering said crops,—that is, the rental or landlord's share thereof and the rents and profits from the mortgaged real estate;" that plaintiff has established a valid lien upon the crops, rents, and profits by the commencement of his foreclosure suit; that plaintiff is entitled to the rents and profits by virtue of being the owner of the lease, and Hamilton is "estopped to set up and claim the right to offset or counterclaim the debt due and owing from" Clancey to him "against the rents provided for in said lease." The case was not tried upon the theory that there is any distinction in the rights of the parties as to the rents and profits between that part which is payable in cash and that part that is payable in share of the crops, or that part which has been sold and the proceeds of which are in the hands of the defendant Grain Company. No such distinction is made in the presentation of the case here. The plaintiff's contention is that he has a prior lien upon the rents and profits. He makes no claim to differentiation between rents payable in cash and rents payable in share of the crops. It was asserted in oral argument, in substance, that there was some arrangement between Hamilton and Clancey by which the notes to Hamilton were to be paid in the course of making settlement for the rents. While there is no evidence on this subject, it has apparently been assumed from the beginning (and the court in his findings of fact apparently so assumed) that, as between Hamilton and Clancey, Hamilton had the right to offset Clancey's indebtedness to him against the rents, whether cash or share. Plaintiff's argument is that the lessor had such an interest in the crops that he might pledge or mortgage them, and that he has pledged or mortgaged them to plaintiff. The alleged estoppel is based upon defendant's executing the lease, thereby empowering Clancey to hold out that he would "deliver the said rents as stipulated, thereby concealing and withholding from this plaintiff and the creditors of the said Clancey the fact of any claimed offset or intent to offset," and that to permit defendant Hamilton now to offset the notes against plaintiff's demand "for said rentals and crops would be inequitable and un-

just, and constitute a fraud upon this plaintiff; that defendant's claim is not such as can be offset, or be made a lien upon the crops grown upon said leased premises paramount to the right or claim of the plaintiff therein.'' On the theory on which the case was submitted below, and is presented here, we assume, without deciding, that there is no differentiation, so far as the rights of the parties are here concerned, between that part of the rents payable in money and that payable in share of crop. Likewise, no contention is made that the rents were, before maturity, real property, and so not subject to offset. Plaintiff stands merely in the position of assignee of a nonnegotiable chose in action. On familiar principles, plaintiff's rights rise no higher than their source. At the time the lease in question was made, Hamilton held his landlord's personal notes, payable to him. Hamilton then had right of set-off. *Dolan v. Buckley*, 197 Iowa 1363. That right of set-off existed at the time that Loots acquired his lien upon the rents and profits, and at the time of the assignment of the lease to him. The mortgage of the rents and profits and the assignment of the lease by the landlord are subject to the right of set-off then existing against the landlord. *Quaintance v. Mahaska County State Bank*, 201 Iowa 457; *Van Sandt v. Dows & Co.*, 63 Iowa 594.

Plaintiff has the burden of proof of estoppel. 21 Corpus Juris 1250. There is no evidence that Hamilton, when he executed the lease, had notice of the execution of any of the instruments under which plaintiff now makes claim (most, if not all, of which were made subsequently), or that, with such knowledge, he was guilty of any misrepresentation or concealment with respect to his present claim of set-off, or that plaintiff, when he acquired his interest in the rents and profits, had no notice of Hamilton's claims, and was misled. There is no estoppel. 21 Corpus Juris 1205; 5 Corpus Juris 966.—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.