M. M. MACHEAK, Appellant, v. ANDY A. ADAMSEN et al., Appellees.

No. 40914.

DECEMBER 16, 1931.

REHEARING DENIED APRIL 8, 1932.

Stull, Lucier & Stull, for appellant.

Theodore F. Mantz, for Andy A. Adamsen, appellee.

Lloyd Williams, for Robert F. Porter, appellee.

DE GRAFF, J.—Only one proposition is relied upon by appellant for a reversal, to wit, that the Municipal Court erred in relieving the car in question from a lien of the plaintiff-appellant's contract, and in taxing one-third of the costs to plaintiff-appellant. The vital question involves the pleaded estoppel by the appellee Porter. The facts are not in serious dispute and the governing legal principles are well recognized. We will briefly review the law governing estoppel *in pais.*

The appellee Porter had the burden of proving that he was unaware of the facts on which he bases estoppel, and had no convenient means of acquiring knowledge of such facts. Logan v. Davis, 147 Iowa 441. The burden was on the defendant Porter of proving his defense of estoppel. Barber Asphalt Paving Co. v. City of Des Moines, 191 Iowa 762; Loranz & Co. v. Smith, 204 Iowa 35; Loots v. Clancey, 209 Iowa 442. In this connection it must be borne in mind that the admitted conditional sale contract was, at all times material to this case, of record and unreleased. It is the claim of defendant Adamsen that he had paid the contract indebtedness by handing to the plaintiff $200 in cash and that she had obligated herself to pay him $300 for services rendered in making a trip to the Ft. Leavenworth Penitentiary to secure the release of a prisoner. No receipts or documentary evidence was tendered in proof by defendant Adamsen. The plaintiff positively denies the payment of $200 on the sale contract, or that he made the Ft. Leavenworth trip at her request, or that she ever agreed to pay him anything. Furthermore, the plaintiff testified that "she never told anybody that Adamsen had paid off his mortgage to me. The last I talked to him about this mortgage he admitted to me that it wasn't satisfied." A study of the whole record convinces this court

that the testimony of the plaintiff in this particular must be accepted as true.

It is the settled law that a party is not estopped by the action or declaration of others who have no power to bind him. First National Bank v. Manning, 37 Iowa 610. There is in the record no act or declaration made by plaintiff Macheak that constitutes an estoppel.' Claim is made by appellee Porter that the record discloses that Adamsen made payment to Miss Macheak on the conditional sale contract in the sum of $200. It is plain, however, that this $200 payment did not involve this auto contract.

The testimony of another witness is relied upon by appellee Porter upon which the claimed estoppel is pleaded, but the record discloses that this witness at no time acted for or on behalf of either the appellee Porter or his grantor, the Iowa Auto Market. The record is silent as to any requests or any conversation between the appellant and the appellee Porter or his grantor the Iowa Auto Market with respect to the instant sale contract.

It may be said that the plaintiff incidentally or accidentally learned that the defendant Porter claimed title to the auto in question. She first learned that the Iowa Auto Market had purchased this car about November 15th. She was driving down Keosauqua Way and saw the car parked on the street. She inspected the car to find the registration card and then learned that it belonged to a man named Porter and that Porter purchased the car from the Iowa Auto Market. There is no evidence that Miss Macheak, the plaintiff, ever talked to any officer, agent, or employee of said Auto Market with reference to the conditional sale contract, and she denies she ever did.

The purpose of the conditional sale contract was to retain title to the particular automobile named, until the same was paid for. The purpose of the acknowledgment was to enable the holder to prove the execution of the instrument or to legally record it. The purpose of the recording was to give notice to the world of the retention of the title in the vendor. Atlas Security Co. v. O'Donnell, 210 Iowa 810, l. c. 813.

The plaintiff made demand on defendant Adamsen for the payment of the conditional sale contract in August, September, October, and November, 1930, and the demand was ignored. There is no estoppel unless the party pleading same has been

misled or induced to act in some way to his detriment. In other words, one claiming an estoppel must have acted or changed his position to his prejudice in reliance upon the act or conduct of the other party. Peoples Savings Bank v. McCarthy, 206 Iowa 28; McIntosh v. McIntosh, 211 Iowa 750; King v. Knudson, 209 Iowa 1214; 21 C. J. 1113.

It is sufficient to state that the record is silent as to any act of omission or commission or of any words that would constitute the pleaded estoppel herein. The decree entered is therefore reversed as to the pleaded estoppel and as to the taxation of one-third of the costs to the plaintiff.—Reversed.

All Justices concur.