### MILLER v. COREY, Administrator.

1. TAXES: VENDOR AND VENDEE. Where the vendor of real estate surren-
   ders to the vendee the possession of the premises sold, and covenants in
   his bond to execute "a good and sufficient deed, clear of all incumbran-
   ces," upon the payment of the notes executed for a portion of the pur-
   chase money, the vendee is liable for taxes assessed upon such property,
   after his taking possession under the contract; and he cannot enforce the
   execution of a deed by the grantor with a covenant against the lien of
   taxes which have accrued since the taking of such possession.

*Appeal from Story District Court.*

THURSDAY, OCTOBER 8.

IN 1854 defendant's intestate sold to plaintiff a farm, for
which there was to be paid $2,250.    A bond was given,

which recites the payment of $50 at the time of the contract, and that notes were given for different sums, the last one maturing March 1, 1861. Plaintiff was to have full possession on the 1st of May, 1855, and the notes drew interest from date at six per cent. Upon the payment of these notes the vendor bound himself to make and deliver to plaintiff "a good and sufficient deed, clear of all incumbrances." For the years 1858–'9–'60–'61, the taxes were unpaid, on the land thus sold, amounting to over $150.00. Plaintiff paid all the notes and demanded a deed, and thereupon a controversy arose as to whose duty it was to pay said taxes. The Court below held that it was plaintiff's duty to pay such as accrued after he took possession, to wit, May 1, 1855; and from this order plaintiff appeals.

*Casady & Polk* for the appellant.

*J. L. Dana* for the appellee.

WRIGHT, J. — It will be observed that the bond in this instance, differing from most contracts for the sale of lands, makes no provision for the payment of taxes, or rather does not in words impose the duty upon either party. Counsel have not referred to any case touching the question made by them, nor have we from the books at our command been able to find any throwing very much light upon it.

The Code of 1851, § 458, and the Revenue Act of 1858, p. 307, § 4, provide that every person having the capacity shall assist the assessor in listing all property subject to taxation, of which he is the owner or has the control or management, and that property under mortgage or lease shall be listed by and taxed to the mortgagor or lessor, unless it be listed by the mortgagee or lessee. Any one having a lien on or interest in the property could redeem the same under the tax sale, in the same manner as the

actual owner. Laws of 1858, p. 324, § 59.   Aside from these provisions, we find nothing in the statutes in force when these taxes were payable, indicating who was regarded as the owner of real property, for the purposes of taxation.   And especially is this true as between those having an interest in it or in the title.   We regard them, however, in harmony with the conclusion that, under the circumstances disclosed in this. case, the vendee should pay the taxes, and shall, therefore, as well as upon general principles, so hold.

The vendor of real estate, under such a bond, is the holder of the legal title, but in trust for the vendee, upon the payment of the purchase money.   The latter is treated as a mortgagor and the former as a mortgagee, for the purposes of foreclosure, by the express provision of the statute.  Code of 1851, § 2095.   After the execution of the contract, the vendee is regarded as the real (not the legal) holder of the title, or owner of the property.   He has an interest which he may sell or devise.   He may treat and manage the property as his own,—subject, of course, to the right of the vendor to keep his security substantially intact,—make improvements, lease and collect rents, and generally do the same as if invested with the full title. The promised deed is only intended to finally execute or consummate the contract.   And in this case it must not be forgotten that the bond recites that the vendor had sold, and not that he would sell, the lands described; in other words, it was not an agreement to sell, but a recitation of the terms of a sale actually made.   Within the meaning of the statute, therefore, the vendee, we think, was the owner of the property, and it should have been listed by and taxed to him, or in his name.

But it is said that, though this may be true, it does not follow that the vendor would not be bound to keep the land clear of all incumbrances by taxes or otherwise; that the

statute is directory, and intended to give a rule in the assessment of property, and not to settle the rights of parties as vendor and vendee. Let us see, then, whether the above conclusion does not accord with other equitable considerations, as well as those above stated.

By the terms of the contract, the vendee had a right to the possession of this land before these taxes were assessed, and this right, according to the finding of the Court below, he exercised and enjoyed from and after the time thus fixed. He then had the sole control and was in the full receipt of all the accruing rents and profits of the property. The vendor was deriving no profit from the land, and, indeed, as we have seen, aside from his lien, had no other interest in it than as trustee holding the legal title for the beneficiary or vendee. It is but equitable, certainly, that when the vendee enters into the possession of real property, and takes and enjoys the rents and profits, if the contract is silent as to the taxes, he should pay the same, and not exact the repayment thereof before accepting the deed provided for in the bond. As a rule, the party deriving the sole profit from the use of the land, in the absence of some stipulation, should pay the accruing taxes. The case of landlord and tenant involves a different question, and of course would not come within the rules above stated. The thought that the vendor was receiving interest on the purchase money, in the place of the rents and profits, cannot affect this rule. For aught that appears, the payment of this interest was a part of the consideration in fixing the value of the land. No word in the contract suggests the idea that, in consideration of the payment of interest by the vendee, the vendor was to pay the taxes. Then, if the vendor was liable to pay taxes upon the debt held against the vendee as a part of his money and credit, if held to pay the taxes assessed on the land also, he would substantially pay twice

for the same property or its valuation. In the absence of some contract, this double obligation should not be imposed, unless strong equitable circumstances justify it. But in this connection we put this case. Suppose the land had been sold for taxes, and that a surplus of $100 had remained from the bid after paying all liens, interest and costs, who would have been entitled to this surplus, the vendor or vendee? If the vendor, would he have taken it in his own right, or as the property of the vendee, and liable to account for the same on the receipt of the purchase money? We think it very clear that he would have had no right to such surplus, but that it would have belonged to the vendee as fully and indisputably as any other item of property held by the most undoubted title. If so, why should the vendor be held bound to pay the taxes?

But it has been adjudged that the party enjoying the present use of land is liable for the taxes thereon, unless the statute imposing the same is repugnant to such liability. *Spangler* v. *York County,* 13 Penn., 322. And where A leased a lot to B, rent free, under an agreement that B should erect a building thereon, and at the end of ten years return the lot and building to A, in good condition, *held*, that B was liable to pay the taxes, as he was in possession and enjoyment of the land, and no rent was reserved by A for its use. *Willard* v. *Blount*, 11 Ird., 624. PEARSON, J., after stating that a party must pay taxes during the time he is the owner and enjoys the possession, says: "According to this general proposition, the plaintiff being the owner for the time being, and enjoying the possession and pernancy of the profits, is bound to pay the taxes. The case of landlord and tenant forms an exception, where rent is reserved; for the rent is in lieu of the land, and the landlord is in the pernancy of the profits of the land, the profits of the tenant being the fruit of his own labor. But in the case under consideration no rent is

reserved. The defendant receives nothing in lieu of the land, and the entire profits are enjoyed by the plaintiff."

But it is urged that the vendor, by the terms of his bond, was bound, upon the payment of the purchase money, to make and execute "a good and sufficient deed, clear of all incumbrance," and that this could not be done while the taxes accruing after making the bond and before the execution of the deed remained unpaid. These taxes, however, arose after, and were liens or incumbrances subsequent to the sale. The obligation of the vendor was to convey the property clear of any incumbrance placed thereon by himself or on his account, and not those arising on the account of the vendee. Taxes against the property existing at the time of the sale; mortgages made by the vendor, whether before or after; judgments against him or any former owner, he, of course, would have to meet and satisfy; but not mortgages made by the vendee, nor judgments against him, or other liens created by his act, or failure to discharge his liabilities. The vendor was not responsible for anything done or omitted in relation to the title by the vendee; nor was he bound to covenant against liens arising by reason of his failure to discharge his duty. An incumbrance arising as this did is not among those covered by the undertaking of this bond.

Affirmed.