## SACKETT v. OSBORN *et al.*

1. **Taxes: WHEN A LIEN: WARRANTY DEED.** Under chapter ten, acts of the ninth general assembly, taxes for the current year are not, as between the vendor and purchaser, a lien upon real estate sold under contract made prior to the 1st of November of such year; and the vendor is not liable upon the covenants of his deed for the premises, executed after that time, but in pursuance of such contract, made before.

2. **Contract: RATIFICATION.** Where persons claiming an interest in real estate, do not join in a contract for the sale thereof, made by another, but subsequently unite in the execution of a deed for the premises, made pursuant to and in ratification of such contract, such ratification relates back to the execution of the contract, and gives to it the same force and effect as if they had signed it when made.

*Appeal from Allamakee District Court.*

FRIDAY, DECEMBER 11.

ACTION upon the covenants of warranty contained in a deed executed by defendants. The breach alleged is the non-payment of taxes falling due upon the land. Trial by the court without a jury, and judgment for plaintiff. Defendants appeal.

*Richard Wilbur* for the appellants.

*Reuben Noble* for the appellee.

BECK, J. — On the 9th day of July, 1867, plaintiff, and defendant Osborn entered into a written agreement,

**1. TAXES: when a lien: warranty deed.** whereby Osborn undertook to convey to plaintiff a certain town lot by deed of warranty to be executed and delivered on the first day of November following. Plaintiff paid a part of the purchase-money on the day of the execution of the contract, and agreed to pay the balance in installments, one on the 1st of November, 1867. The installments to be paid after that day, to be secured by mortgage upon the lot. By the terms of the instrument, plaintiff was to have immediate possession of the property, except certain rooms in a house thereon. A stable upon the premises was to be occupied jointly by the parties. Under this agreement plaintiff went into the possession of part of the property as stipulated, and collected the rents for other portions not occupied by him or Osborn, from the 9th of July, 1867, the date of the execution of the instrument. On the 17th of October following, he obtained full possession. Osborn moving out of the part he occupied. On the 1st of November, 1867, defendants, Osborn's wife uniting therein, executed a deed for the lot to plaintiff, which contained the usual covenants against incumbrances.

The deed recites that it is given " *in affirmance of and pursuant to a contract made between Charles L. Osborn and said D. H. Sackett, on the 9th day of July, A. D.* 1867." The property at the date of the execution of the contract was the homestead of Osborn.

Chapter 10, acts ninth general assembly, provides, that " all taxes upon real estate shall, as between vendor and purchaser, become a lien upon real estate on and after November 1st of each year."

The contract of July 9th, with the payment of a part of the purchase-money, and possession of the premises by

**2. CONTRACT: ratification.** plaintiff on the 17th of October, was indisputably a valid sale of the property, leaving out

of view the rights of the wife of Osborn and his co-tenant, Wilbur. These parties, however, by the execution of the deed, and under its express terms, adopted and ratified the contract. Such ratification related back to the date of the contract, and gave it the same force and effect as though it had been executed by them. *Attex, Noyes & Co.* v. *Phelan & Anderson,* 5 Iowa, 341; *Dubuque Female College* v. *Dist. Township of Dubuque,* 13 id. 561; Story's Agency, § 244. The property having been sold to plaintiff prior to the first of November, the taxes, as against the vendor, were not, at the date of the sale, a lien thereon, against which the covenants of defendants' deed operates.

The statute above cited, it seems, was intended to remove all doubt in cases like this one under consideration, by so enacting that vendors shall be liable for the taxes of the current year only upon lands sold after the first day of November. The defendants are therefore not liable for the taxes, and the action cannot be sustained against them.

Reversed.