Baldwin v. Mayne.

BALDWIN v. MAYNE.

1. **Tax Sale:** LIEN: CONVEYANCE. Where a sale of land is effected after November 1st, the taxes of the year are a lien upon the land, and may be recovered of the grantor in an action upon the covenants of his deed.

2. ———: PERSONAL TAXES: LIABILITY OF GRANTOR. The grantor, however, is not liable to the purchaser from his grantee for the personal taxes of the latter, for which, together with the realty tax due from the grantor, the land was sold at tax sale, and from which the last purchaser had redeemed.

*Appeal from Montgomery Circuit Court.*

WEDNESDAY, DECEMBER 15.

THIS action is brought by the plaintiff as the assignee of a promissory note as follows: "Twelve months after date I promise to pay to Samuel King one hundred and fifty-seven dollars and fifty-seven cents, for value received, with ten per cent interest from date."

"The above note is due and payable as specified, provided Sam. King pays to Charles Baldwin a balance due him on SW. ¼ of SW. ¼ of Sec. 2, Tp. 69, R. 11, West, and obtains a deed therefor to perfect in me the chain of title to said premises. It is agreed that if I pay said amount to said Baldwin, I am to have credit for the amount paid, with ten per cent thereon on this note, this October 15, 1870.

(Signed,)      W. S. MAYNE."

It is alleged in the petition that this note has been assigned to the plaintiff by King to discharge the amount due plaintiff from King on the land described in the note, and that a conveyance has been made by plaintiff to defendant for said land, thereby perfecting the title thereto in him in compliance with the conditions of said note.

The defendant answered, denying generally the allegations of the petition, and also pleading a partial failure of the consideration of the note. It is alleged that the note was given

in part payment of the purchase money of the land described therein, for which the payee, King, had executed and delivered to the defendant a warranty deed, October 15, 1870, the same date as the note; that at the time of making and delivering said deed, the land was encumbered by a lien thereon of delinquent taxes, upon which the land had been sold, Nov. 1, 1869, and from which defendant was compelled to redeem by paying the sum of $98.08, which he asks may be set off against the note sued on.

It is further alleged that the plaintiff conveyed the same land by deed of general warranty, June 18, 1869, to Tannehill and Spencer; that Tannehill and Spencer afterward conveyed the land by like conveyance to Samuel King, who, on the 15th day of October, 1870, conveyed the same to the defendant, as before stated.

By way of amendment to the answer, the defendant further pleads as a counter-claim the following promissory note:

" $85.70.          Keosauqua, Iowa, Feb. 12, 1870.

Six months after date, I promise to pay to W. S. Mayne, or bearer, the sum of eighty-five and seventy one-hundredths dollars for value received, with ten per cent interest after date until paid, interest payable annually; and if not paid, said interest to draw ten per cent. Payable at Keosauqua, Iowa.

(Signed,)            Henry King,<br>
His<br>
Samuel ⋈ King."<br>
mark.

On this note are certain credits entered.

The defendant alleges that he held this note at the time the note sued on was given, and still holds the same, and held it at the time the note sued on was transferred to the plaintiff.

The plaintiff in his reply avers that at the time he sold the land described in the note to Tannehill and Spencer, they took possession of and used and occupied the same until they sold to King, when he took possession and used and occupied the same until he sold to the defendant, who then took possession thereof and used and occupied the same, and all the parties

have been uninterrupted in their enjoyment thereof, and had the use and benefit of the land. The reply also denies all of the averments of the answer.

The cause was tried to the court, who made the following finding of facts and conclusions of law thereon:

"1. That the defendant, on the 15th day of October, 1870, made and delivered to one Samuel King the note sued on, with the condition therein written, as truly copied in plaintiff's petition, which was transferred by said King to plaintiff by indorsement without date.

"2. That the amount of said note remains unpaid, to-wit: $225.39.

"3. That at the time of making said note, and ever since, the defendant held and owned a note, dated Feb. 2, 1870, for $85.00, given by Henry King and Samuel King to the defendant (said Samuel King being in fact surety on the note), payable six months after date, drawing ten per cent interest per annum, payable annually, and providing, if not so paid, to draw ten per cent interest, this note being truly copied in amendment to answer, filed Feb. 1, 1875.

"4. That there has been paid and credited upon said note, Jan. 12, 1871, eight dollars; Aug. 15, 1871, fifteen dollars; Dec. 18, 1871, eight dollars; Aug. 18, 1872, five dollars; Oct. 28, 1872, three dollars and fifty cents.

"5. That the defendant notified plaintiff that he held said note prior to the time that the note sued on was transferred to plaintiff.

"6. That the plaintiff was the owner in fee of the following described tract of land in Van Buren county, Iowa, to-wit: The SW. ¼ of SW. ¼, Sec. 2, Tp. 69, R. 11.

"7. That sometime in the year 1867 or 1868 (which is all the evidence shows as to the time), the plaintiff contracted to sell said lands to, and gave a bond for deed to, John L. Tannehill and J. W. Spencer, receiving a part of the purchase price in cash, and taking their joint note for the balance; the amount thereof not shown, and the conditions of the bond not shown.

"8. That Tannehill afterward (date not shown) purchased

the interest of Spencer in the land, and agreed with Spencer to pay the taxes due on the land.

"9.   That Tannehill had a cabin on one corner of the land, with a small patch cultivated, and lived in the cabin; that most of the land was wild timber.

"10.   That Tannehill sold the land to Samuel King, and agreed with King to pay the taxes on the land, including the tax of 1870; that King paid him for the land, excepting $123, which King agreed to pay to plaintiff on Tannehill and Spencer's notes, given as aforesaid.

"11.   That afterward, and without the knowledge of defendant, King released Tannehill from the payment of the said taxes.

"12.   That on Aug. 18, 1870, said Tannehill and Spencer, together with their wives, conveyed the land to said King, by deed of general warranty.   Deed recorded Oct. 19, 1870.

"13.   That on Oct. 15, 1870, said King sold the land to defendant, and with his wife, executed and delivered to defendant a deed of general warranty therefor, which was recorded Oct. 24, 1870, and took in part payment the note sued on, and a part of the purchase money, consisting of the cancellation of individual indebtedness of said King to defendant.

"14.   That at the time of such sale to defendant he had been informed, and had knowledge from examination of the tax books and otherwise, of the fact of the back taxes being upon the land, and that a part thereof consisted of the personal tax of Tannehill and Spencer, which the books show upon their face, and had knowledge also that in the trade between Tannehill and King, that Tannehill had agreed with King to pay the taxes.

"15.   That on June 18, 1869, and of that date, plaintiff and his wife executed and acknowledged a deed of the land to said John L. Tannehill and S. W. Spencer (as exhibited truly in defendant's answer), which deed contains the following words, to-wit:   'And we warrant the title to said premises against the lawful claims of all persons whatsoever.'   That plaintiff held said deed in his own possession and did not

deliver the same until some time after the sale from King to defendant; said deed recorded March 14, 1872.

" 16.   That a short time after the sale from King to defendant, plaintiff accepted and took the asssignment of the note sued on from said Sam. King, in payment for the amount remaining due to plaintiff upon the notes of Tannehill and Spencer, and then delivered to King the deed referred to in the last finding, for the purpose of perfecting the chain of title to King.

" 17.   That prior to accepting said note, and so delivering the deed, the plaintiff had been informed by King that he (King) had sold the land to defendant, that defendant then informed plaintiff that the note was all right and had been given by him, and also of his holding the note referred to in the third finding, and that if he took defendant's note, he must see that the title to the land was all clear.

" 18.   That afterward plaintiff took the note and delivered the deed to King, and King delivered the deed to defendant, who has since held it.

" 19.   That for the year 1868 said land was assessed in said Van Buren county for taxes for that year in the name of plaintiff. That on Nov. 1, 1869, the land was by the treasurer of said county sold to one O. S. Kenderdine, for said taxes, interest and costs, amounting to $4.18, and also for the personal tax of said Tannehill and said Spencer of that and prior years, amounting to $38.46.

" 20.   That said purchaser paid the taxes for 1869, $7.31; for 1870, $9.08.

" 21.   That on Oct. 28, 1872, it would require $98.08 to redeem it from said sale; that defendant then paid said sum of money and redeemed the land.

" 22.   To redeem from tax on land would cost $6.48.

" CONCLUSIONS OF LAW.

" 1.   The court finds to be due upon the note sued on, which is allowed, the sum of two hundred and twenty-five dollars and thirty-nine cents.

" 2. The issue upon the note of King, set up in defendant's answer, being a general denial, the court finds the issue for defendant, and finds the note of plaintiff to be a non-negotiable note, subject to defenses against King, at the time of transfer to plaintiff, and finds to be due on said note the sum of eighty-three dollars and eighty-three cents.

" 3. That plaintiff is not liable for alleged breach of covenants in King's deed, and that there was no breach thereof at the time the plaintiff took the note sued on.

" 4. That plaintiff is liable on his covenants, in his deed, for the taxes upon the land for the year 1868, and the sum paid by defendant to redeem the same with six per cent interest, to-wit: $7.38, was a valid incumbrance on the land at the time of the making of the deed, for which the plaintiff is held.

" 5. That the plaintiff is not liable on his covenant for the personal tax of Tannehill and Spencer, and the same is no breach of said covenant, that they being the grantees in the deed containing the covenant, and the tax being their own, the covenant does not cover the same, and defendant, being therein assignee and knowing of the character of the tax when he purchased, stands in no better condition, and as to such taxes and as to the defendant, the deed must be held to relate back to the time of original sale by plaintiff.

" 6. That in the absence of any agreement with King, defendant would be liable for the tax for the year 1870, he having purchased prior to November 1st.

" 7. The court is unable to determine from the evidence whether or not the land tax of 1868 was a lien upon the land at the time of sale by plaintiff to Tannehill and Spencer, but from the fact that the sale might have occurred after Nov. 1, 1868, an inference is drawn in support of the express words in plaintiff's covenant in the deed, subsequently delivered to King, the assignee of his grantees.

" 8. That upon the facts the plaintiff is estopped from going behind or denying his covenant as to the land tax, and the court concurs in the objection of defendant to all evidence of prior facts, but has admitted the evidence for other purposes.

" 9. The plaintiff is found not to be liable for subsequent taxes for 1869 and 1870, and the equities of the case require that his liability be limited to the date of the deed.

" 10. Upon the foregoing findings, there is now due the plaintiff on the note sued on, after deducting redemption for tax of 1868 and the amount due on the note of King, the sum of one hundred and thirty-four dollars and eighteen cents. For which judgment is ordered.

J. M. HEWITT, <em>Judge."</em>

The defendant appeals to this court.

*Smith McPherson,* for appellant.

*Z. T. Fisher,* for appellee.

MILLER, CH. J.—The note sued on is non-negotiable and subject to any defense which the maker had against the assignor thereof before notice of the assignment to the plaintiff. Rev., Sec. 1796. The court below recognized this rule of the statute, in the decision of the case, and allowed, as a set-off against the note held by plaintiff, the taxes on the land for 1868, and the sum paid by defendant to redeem the same with interest, also the balance due on the note held by defendant against the plaintiff.

The only complaint made by appellant of the findings of the court below is, that it should have allowed the whole amount paid by appellant to redeem the land from the sale of the land for the taxes of 1868. This amount included taxes due by Tannehill and Spencer on personal property belonging to them, and which was delinquent at the time of the sale of the land for the taxes due thereon for 1868.

*1. TAX SALE: lien : conveyance.*

The land was sold by the plaintiff in 1867 or 1868, according to the finding of the court, whether before or after Nov. 1st of the latter year is not found, but the court presumed against the grantor that it was afterward, and held him liable to pay the taxes for that year, and which were a lien on the land when he sold it.

The personal taxes of the grantees of plaintiff, however,

were in no manner a lien on the land when plaintiff sold the

**2. ——: personal taxes: liability of grantor.**

same. The grantees of plaintiff, Tannehill and Spencer, upon their purchase, took possession of the land and enjoyed the rents and profits of the same, and so also did their grantees. The taxes, therefore, which accrued or became liens on the land after the sale thereof by the plaintiff, were payable by his grantees. They, and not the plaintiff, were bound to pay these taxes. *Miller v. Cory*, 15 Iowa, 166; *Hunt v. Rowland*, 22 Id., 53. When the plaintiff sold the land, and his grantees entered upon the possession they then became the real owners, and were liable for all taxes subsequently accruing thereon, notwithstanding the deed was not made until about a year after the sale. *Id.*

The judgment of the Circuit Court must be

AFFIRMED.