| 69 | 601 |
| 47a | 664 |
| 69 | 601 |
| 124 | 85 |

FARBER v. PURDY, *Plaintiff in Error.*

**Vendor and Vendee**: LIABILITY FOR TAXES. A vendee of real estate in possession under a contract of sale is liable, as between himself and the vendor, for all taxes assessed after the commencement of his possession, and the fact that by the contract the vendor is bound to make him a warranty deed upon payment of the purchase money, does not change this rule.

*Error to Audrain Circuit Court.*—HON. G. PORTER, Judge.

In December, 1869, the plaintiff and defendant entered into a written contract for the sale of a tract of land, by the terms of which defendant agreed to make payment within two years after trains should begin to run on the Chicago & Alton Railroad, and plaintiff was then to execute a good and sufficient deed in fee simple to the land. Defendant took immediate possession. Trains began to run in August, 1871. Defendant paid part of the purchase money, and also paid the taxes on the land for the years 1873 and 1874. This suit was brought in 1875 to recover the balance of the purchase money. At that time

the taxes for 1875 were assessed but were not paid. Defendant claimed a credit for the taxes for the three years; but the court refused to allow the claim, and gave judgment for the plaintiff for the full amount of the balance of the purchase money with interest.

*Thomas N. Musick* for plaintiff in error.

The plaintiff, by his contract, binds himself to make a warranty deed at future day. Such deed when made warrants full and clear title to the vendee, and of course freedom from all tax liens—to what date? Evidently to the date of the deed. The contract in the deed, when made, is to perfect the title free from all incumbrances to that date. The contract to make such a deed is a contract to perfect such a title. What does it matter, then, that the vendee went into possession? That was as much a part of the contract as the making of the deed. Suppose the deed had been made and afterwards the vendee, having been forced to pay the taxes, had sued the vendor on his covenant, would the fact that the deed had been made in pursuance of the provisions of the contract, or the other fact that the vendee had been in possession, make a defense? If not in such case, why should the same facts throw the burden of taxes on the vendee in this case?

*Macfarlane & Trimble* for defendant in error.

The real owner of the land should pay the taxes. A vendee in possession under a contract is the real owner. The legal title is in the vendor only as trustee for the vendee. Wag. Stat., § 28, p. 1163; *Miller v. Corey*, 15 Iowa 166; *Rundell v. LaKey*, 40 N. Y. 513; *Spangler v. York Co.*, 13 Pa. St. 322; *Willard v. Blount*, 11 Ired. (N. C.) 624.

HENRY, J.—The only question in the case is, who was liable for the taxes assessed against the property after the defendant, under his contract of purchase, took possession.

In *Miller v. Corey*, 15 Iowa 166, this precise question was involved, and decided adversely to the vendee. To the same effect are *Spangler v. York Co.*, 13 Pa. St. 322, and *Willard v. Blount*, 11 Iredell 624. Defendant was the real owner of the land. The title was vested in the plaintiff, but he held it after the contract of sale as trustee for the defendant. Defendant was in possession, enjoying the pernancy of the profits; and, as was observed by Bell, J., in *Spangler v. York Co.*, " under all just systems of taxation he who presently enjoys the subject ought to discharge the present impost." The agreement to execute a general warranty deed, did not require plaintiff to covenant against incumbrances done or suffered by the vendee. The authorities cited by plaintiff's counsel fully sustain the judgment, which, all concurring, is affirmed.

AFFIRMED.