## THE IOWA LOAN & TRUST CO. v. KING ET AL.

1. **Mortgage:** OF REMAINDER AFTER LIFE-ESTATE: FORECLOSURE: WHO PAYS TAXES. W. and wife owned the whole interest in real estate in such a way that the wife had a life-estate, and the husband the remainder, coupled, however, with the condition that he should pay the taxes. He mortgaged his interest to plaintiff, and in an action to foreclose the mortgage the wife, being made a party, pleaded that her husband had failed to pay the taxes, and that the property had been sold for taxes, and that, to protect her life-estate, she had been compelled to redeem and to pay subsequent taxes, and asked that plaintiff be compelled to refund to her the money so paid. It appeared, also, that after the beginning of the suit the husband had quit-claimed his interest to the wife, thus vesting the fee-simple title in her. But the court decreed that plaintiff should reimburse the wife for taxes paid, as a condition to the issuance of an execution, and that plaintiff, as the purchaser at the sale, should pay future taxes; and the decree is approved and affirmed.

### Appeal from Polk Circuit Court.

### FRIDAY, JUNE 5.

ACTION to foreclose a mortgage. The plaintiff appeals

*Mitchell, Dudley & Witter*, for appellant.

*Barcroft, Bowen & Sickmon*, for appellees.

SEEVERS, J.—This case was before this court at a former term, and is reported in 58 Iowa, 598, to which reference is made as to the issue at that time, and the determination of this court as to the questions then presented. This court then found and determined that, while the legal title of the property was in W. H. King, Mrs. King was the owner of the equitable title; and it follows that the mortgage executed by W. H. King was not a lien on the real estate, but that it became a lien on a subsequently acquired interest that W. H. King obtained under an agreement and lease made by him and Mrs. King. Under such agreement Mrs. King had

a life-estate, and W. H. King owned the remainder, coupled, however, with the condition that he should pay taxes.

When the case was remanded to the circuit court, Mrs. King, by a proper pleading, stated in substance that W. H. King had failed to pay the taxes; and that the real estate, in 1878, was sold, for non-payment of taxes, to the plaintiff; and that subsequent taxes were paid by it as such purchaser; and that, to protect her interest, she, in May, 1881, was compelled to and did redeem from such sale; and that she had paid taxes for subsequent years; and therefore she asked that the plaintiff be compelled to pay said taxes. The plaintiff, by a proper pleading, stated that, after the rendition of the former decree in the circuit court, W. H. King had conveyed his interest in the real estate to Mrs. King, and, as thereby there was vested in her the fee-simple title, that she was bound to pay taxes. The court decreed a foreclosure of the mortgage; and of this no complaint is made; but the court further found the amount paid by Mrs. King for taxes, and adjudged that no execution should issue until said amount was paid to her; and it was further decreed that the plaintiff or purchaser at the sale should pay all future taxes. It is from this portion of the decree that plaintiff appeals.

I. The obligation of W. H. King or the plaintiff to pay the taxes, as the case then stood, was fixed by the former decision of this court. The plaintiff, under the mortgage, was entitled to a lien on the interest of W. H. King, and by the foreclosure of the mortgage and purchase at the foreclosure sale would have become possessed of such interest, but it would thereby have obligated itself to pay taxes. W. H. King and Mrs. King could not do anything that would lessen the interest of the plaintiff, or impose additional obligations on it. Now, did the conveyance from W. H. King to Mrs. King have the effect to relieve the plaintiff from the obligation to pay taxes? The conveyance was a quit-claim deed, and we have some doubt, in the absence of any other contract or agreement, whether it had the effect to relieve W. H. King

from the obligation to pay taxes. It must be remembered that he so obligated himself, and that Mrs. King has done nothing to release him, unless the acceptance of the quit-claim deed has such effect. It is, perhaps, not material to determine this question.

It is ordinarily true that the owner of real estate, as between him and the mortgagee, is bound to pay taxes, but in the case before us there were two estates, one for life vested in Mrs. King, and the other, the remainder, vested in W. H. King, coupled with the condition and express agreement on his part to pay taxes. The mortgage was on this last interest only. By the foreclosure and sale of the premises under the mortgage, the life-estate is in no manner affected or impaired, and the fact that the two estates have become vested in the same person should not, we think, as between the mortgagee and the owner of the life-estate, cast upon the latter any additional burden. While the estates are united in Mrs. King for some purposes, this should not cast on her the burden of paying taxes in order to preserve the life-estate, when such burden was on the remainder prior to the merging of the two estates. For this purpose they should be regarded as separate and distinct. For the reason that the mortgage was on such estate only, and as it alone can be sold under it, the purchaser must take it subject to the burden of paying taxes; and, as the lien of the mortgage was on the remainder only, the mortgagee must pay the taxes, to the end that the life-estate cannot by the sale for taxes be affected or impaired.

AFFIRMED.