FREDERICK FROST, Appellant, v. ALBERT E. CLARK, Appellant; ISAAC EVERETT, Executor, *et al.*, Appellees

1. **Mechanic's Lien:** FORECLOSURE: TRIAL. An action for the foreclosure of a mechanic's lien against a former owner of the improved premises, by whom the indebtedness had been contracted, and his grantees, is properly brought in equity, and such former owner is not entitled to have a transfer of the cause as to him to the law calendar.

2. **Account:** SETTLEMENT : EVIDENCE. Where in an action upon a duebill, given by a debtor to his creditor for the amount of an account against him, the evidence was conflicting as to whether the duebill was intended as a settlement of the account or was given for the accommodation of the creditor, *held,* that the court was warranted in giving judgment for the amount of the bill.

3. **Mechanics' Lien:** SALE OF PREMISES: PRIORITY OF INTERESTS. The plaintiff's statement for a lien was not filed until after the expiration of ninety days after the completion of the work, and before the filing the owner made a contract for the sale of the improved premises with one having no notice of the plaintiff's claim. No consideration was paid by the grantee under said contract, however, until after the plaintiff's statement for a lien had been filed. and her ability to perform depended upon her receipt of certain moneys from her father's estate, which was in fact subsequently received, and the contract duly performed. *Held,* that the contract operated as a sale of the property as of the date thereof, and that the interest of the grantee thereunder was superior to that of the plaintiff.

*Appeal from Webster District Court.*—HON. S. M. WEAVER, Judge.

MONDAY, FEBRUARY 9, 1891.

ACTION to recover two hundred and three dollars and sixty cents on a stated or settled account against the defendant, Albert E. Clark, and to establish a mechanic's lien against all of the defendants. The district court entered judgment against the defendant Clark for the amount claimed, but denied the mechanic's lien, and from its judgment both the plaintiff and the defendant Clark appeal.—*Affirmed.*

*Theo. Hawley,* for appellant.

*Albert E. Clark, pro se.*

GRANGER, J.—I. It appears that the statement for the mechanic's lien was filed July 6, 1886. Before that

1. MECHANIC's lien: foreclosure: trial.

there had been a conveyance of the premises on which the mechanic's lien is sought to be established from the defendant Clark to the other defendants in the case, and before the trial the said Clark moved the court to transfer the

case, as against him, to the law calendar for trial by jury, because at the commencement of the suit he had no interest whatever in the real estate, and the only issue as to him was one of fact. The court refused the motion, and rightly so. The case was properly commenced as an equitable proceeding. Code, section 2510, is : "The action for mechanic's lien shall be prosecuted by equitable proceedings, and therewith shall no other cause of action be joined." This being true the point is controlled by our holding in *Ryman v. Lynch,* 76 Iowa, 587.

II. The contention of the defendant Clark is that the testimony will not justify a finding that the account

2. ACCOUNT: settlement: evidence.

between the plaintiff and himself had ever been stated. The account had its inception in a transaction by which the plaintiff agreed to and did build for the defendant a house under a written contract, after which, in pursuance of verbal contracts, a large amount of additional work was done on the house and premises. During the time the work was in progress the plaintiff presented to Clark bills or statements of his accounts in writing, which were entered in the books of Clark, and filed in his office. It is undisputed that, after the work was completed, the plaintiff was at the office of Clark urging a settlement. There is dispute as to what was done, the plaintiff saying that there was a settlement and a balance of two hundred and three dollars and sixty cents agreed upon, and Clark that there was no settlement. It is true that, in pursuance of what took place in the office of Clark, he made out and sent to the plaintiff by mail the following :

"FORT DODGE, IOWA, January 27, 1886.

"Due Frederick Frost, Esq., to balance of account, two hundred and three dollars and sixty cents."

Clark's explanation of the paper is, in substance, that the plaintiff came to his office for a settlement, and wanted money ; that he told him that he had not time then to settle ; that he had not looked over the bills returned to him, and did not know whether or not they were

correct; that he said to the plaintiff that he would give him a duebill, and they would settle afterwards, and, if anything was wrong on either side, they would make it right; that the plaintiff wanted money, and he was willing to help him. With the testimony of the parties in conflict as to the settlement, the duebill given by Clark leaves little room for doubt as to our duty. The plaintiff's testimony, viewed in the light of the giving of the duebill, is reasonable and in accord with ordinary business conduct. The facts as claimed by Clark are exceptional, in the light of ordinary business conduct, and we are unable to discover a reason why the duebill should have been given, except for what is stated therein,—a "balance of account." The facts that the plaintiff had from time to time rendered to Clark statements of the account; that they had been in the hands of Clark a sufficient time for examination; that the plaintiff was demanding a settlement; and that thereafter Clark made the duebill for a balance of the account, which was accepted by the plaintiff, seem almost conclusive of the question. The only reason inferable from the testimony of Clark for making the duebill before a settlement is that the plaintiff wanted money, and he was willing to help him. Mr. Clark, in his testimony, says: "At Mr. Frost's request, and as he stated it, and as I understood, it was a personal accommodation to him to assist him in raising money, and that we should make our settlement thereafter." The statement indicates strongly that the plaintiff was unable, by his own credit, to raise the money he needed, and the aid intended for him is a duebill of no negotiable value, for Mr. Clark says he "wrote it for the express purpose that it should not be negotiable, and, if transferred, he [Frost] should be responsible." It thus appears clearly that Mr. Clark did not, in making the duebill, intend to become responsible to third parties; and what aid could be intended by the making of such a paper in raising money is not easily understood, and we are not favored in the testimony with an explanation. We think the district court on this

branch of the case rightly found in favor of the plaintiff.

III. The statement for the mechanic's lien was filed July 6, 1886, and is sought to be established on lots 1 and 2, in block 15, East Fort Dodge, Iowa. On the first day of July, 1886, the following instrument was executed :

**3. MECHANIC'S lien: sale of premises: priority of interests.**

"This agreement, made July 1, 1886, by and between A. E. Clark and. Mrs. Mary Moore, both of Fort Dodge, Iowa, witnesseth : That said A. E. Clark hereby sells to the said Mary Moore lots 1 and 2, in block 15, East Fort Dodge, Iowa, with buildings thereon, the carpets now on the floors of the house, the china closet in the dining-room, the hose and hose reel, and window shades and rollers, for the sum of six thousand dollars which sum the said Mary Moore agrees to pay as follows: *First*, she hereby sells to the said A. E. Clark, for the sum of twenty-five hundred dollars, all of block number 1, Reynold's addition to the city of Fort Dodge, Iowa ; *second*, she agrees to pay said A. E. Clark, on or before August 15, 1886, the sum of thirty-five hundred dollars. The said Clark shall deliver possession of the property sold on the fifteenth. day of August, 1886. The title of all the property hereinbefore referred to shall be free and clear of all incumbrance. ·                         MARY MOORE,
                                         "J. J. MOORE,
                                         "A. E. CLARK."

Isaac Everett, as executor of the estate of Nathan Everett, and Mary Moore are made defendants, with a prayer that their interest in the premises may be decreed junior to that of the plaintiff. The prayer of the petition was denied by the district court, and therefrom the plaintiff appealed. For the defendants Everett and Moore there is no appearance.

·The theory of plaintiff's claim for a lien is that the contract for sale is an executory one, and that at the date of the agreement no part of the price was paid. J. J. Moore, now deceased, was the husband of Mary

Moore, and acted for her in making the contract of sale
and had no other interest in the transaction. The testi-
mony is somewhat indefinite, but it appears that
Matthew L. Everett, deceased, was the father of Mary
Moore, and made some provisions in his will for her,
and when she made the contract in question she
expected that the executor of her father's estate would
provide the means for payment in pursuance of the
directions of the will, and the executor did so, and the
property was conveyed by Clark to the executor in
trust for Mary Moore. The payments by the executor
required the favorable action of the orphans' court of
Luzerne county, Pennsylvania. These facts are relied
upon by the plaintiff as showing there was no sale July
1, 1886. It is said that if the executor had declined to
act, or if the orphans' court had for any reason refused,
to sanction the proceeding Clark could not have com-
pelled a specific performance of the contract of sale.
But the right of enforcement by specific performance is
not the exclusive test of the fact of a sale. Suppose
that, on the fifteenth of August, Clark had tendered
performance on his part, and Mrs. Moore had refused,
what, then, would have been his right ? Could he not
have recovered from her the purchase price of the
property, including the specified value of the block
she agreed to convey? The obligations, as between
Clark and Mrs. Moore, did not depend upon her means
or facilities for the performance of her contract. Her
inability to discharge her obligations will not be pre-
sumed. There was full performance by the parties, and
the property belongs to Mrs. Moore. The agreement
was not to sell at a future time, but a sale at the date
of the instrument. The agreement says: "Said A. E.
Clark hereby sells to the said Mary Moore lots 1 and
2 ; " and provides for a possession at a future date. If
possession had been given at the date of the instrument,
with the same provisions as to payment, what would
have been the legal situation as to title ? Certainly, as
between the parties, an absolute conveyance. How

much less so is it with the right of possession reserved
for a specified period? The question whether, for any
failure or other reasons, the sale might have been
avoided, is not in the case. If there were otherwise
doubts, the performance of the contract by the executor
and the approval by the orphans' court has the same
effect as if it had been originally executed and approved.
See *Attix v. Pelan*, 5 Iowa, 336; *Dubuque Female Col-
lege v. District Township*, 13 Iowa, 555; *Sackett v.
Osborn*, 26 Iowa, 146. The facts in the case of
*Kitteridge v. Chapman*, 36 Iowa, 348, are so widely
different as to divest it of all application to the case
before us.

The judgment of the district court on both appeals
is AFFIRMED.