George W., Nunngesser, Appellee, v. Peter Hart, Appellant.

Vendor and Vendee: LIABILITY FOR TAXES: CONTRACT. As between vendor and vendee tax liens upon real estate attach on the 31st of December and are to be paid by the owner, and where land is held upon contract at the time the lien accrues, liability therefor will depend upon whether title had already passed, which must be determined by the intent of the parties as gathered from the entire instrument. The contract in this case is held not to have passed title.

*Appeal from Guthrie District Court.—*Hon. J. H. Apple-
gate, Judge.

Monday, February 8, 1904.

Action to recover damages arising out of an alleged
breach of the warranty in a deed conveying real estate. A
demurrer addressed to the petition was overruled, and, the
defendant electing to stand upon the ruling, and refusing to
plead further, there was judgment against him for the
amount of plaintiff's demand with costs. From this judg-
ment he appeals.—*Affirmed.*

*R. E. Duffield* and *E. R. Sayles* for appellant.

*F. E. Gates* for appellee.

Bishop, J.—The petition recites that on September 26,
1900, a contract in writing was entered into between plain-
tiff and defendant, and, quoting from the writing,
"whereby the said Peter Hart has this day sold unto George
W. Nunngesser the following described premises, situated in
the county of Adair, Iowa," etc. The writing provides that
the purchase price is to be paid, $500 on the execution of the
contract; $3,500, January 10, 1901; and the balance in
yearly payments, secured by mortgage on the lands. The
contract concludes: "Peter Hart agrees to give George W.
Nunngesser a good and sufficient warranty deed, also an ab-
stract, showing good and perfect title, and possession on
March 1st, 1901, if payments are made in accordance with
this contract." It is then alleged in the petition that every
condition required of plaintiff by the terms of the contract
was performed, and that on January 8, 1901, pursuant to
said contract, defendant executed and delivered to plaintiff a
deed of the lands in question, which deed contained full cove-
nants of warranty as to title, and against liens and incum-
brances. Plaintiff now says that the conditions and covenants
of said contract and deed have been violated and broken,
in that the defendant has refused and neglected to pay the

taxes on the lands for the year 1900, and plaintiff has been compelled to pay the same, and judgment is demanded for the amount so paid. The demurrer is based upon the thought that plaintiff became the owner of the lands at the time the contract was made, that the taxes were not then a lien on the lands, and that plaintiff became liable to pay such taxes when the same accrued.

It is to be observed that the contract makes no reference to the matter of the payment of taxes. As between vendor and vendee, tax liens attach to real estate on and after December 31st in each year. Code, section 1400. Taxes on real estate are required to be paid by the owner, and the question at once arises, who was the owner of the property in controversy, within the meaning of the statute, on January 1, 1901? The answer to this question must depend upon the construction that is to be put upon the contract of September 26, 1900, having in view what was absolutely done by the parties thereunder. It is true that the contract reads, "has this day sold," but this does not necessarily control the construction of the agreement. The entire instrument must be considered, that we may ascertain the intent of the parties. A reading in full makes it clear that the instrument was not intended as a conveyance, but, rather, as an agreement for conveyance. "If it [the contract] contains words of present assurance, these words afford a presumption that an executed conveyance was intended. But this presumption is not conclusive. It may be overcome by the presence of other words which contemplate a future conveyance. Intention is so imperative in the construction of grants that the strongest words of conveyance in the present tense have been held inoperative to pass the estate if other parts of the writing evince a contrary intention, or tend to show that the agreement itself was not designed to pass title." Warvelle on vendors (2d Ed.) section 128, and cases cited.

The mere fact that the deed is not to be executed until some later date is not of itself controlling. This must be true, because a change of ownership of the property might

take place, no other writing having been executed, save a contract for sale, or, indeed, in some cases, without the execution of any writing at all. Thus if A. should agree to sell to B. certain real estate at a specified price, and B. pays the price, and possession is given, no one would contend that B. did not thereby acquire full ownership of the property. And if a contract or bond for deed is made, containing words of present assurance, and the purchaser is put in possession, with all the rights of ownership, save that he shall not depreciate the value of the security held by his vendor in respect of the deferred payments by committing waste, it has been held that, for all purposes material to be considered here, ownership passes, notwithstanding a deed is not to be executed until some future date, or until all payments have been made as provided for. Such are the cases of *Miller v. Corey,* 15 Iowa, 166, and *Sackett v. Osborn,* 26 Iowa, 146. The case of *Frost v. Clark,* 82 Iowa, 298, cited and relied on by counsel for appellant, is not in point. In that case the contract not only contained words of present assurance, but possession was given, and the court expressly finds that it was a completed sale; that no further act of conveyance was expected or required to be done in the premises. Now, in the case before us, by the express terms of the agreement the deed was not to be executed until March 1, 1901. On that date an abstract of title was to be furnished, and possession was to be given—all conditioned, however, upon the fact that payments had been made as stipulated for in the agreement. Under such circumstances, and for the purpose of our present consideration, we think the contractor obligor continued to be the owner of the property. That his ownership was subject to equities arising in favor of the obligee by reason of acts of performance on his part, as of payments made, etc., is not material to be considered here. Based upon the thought above expressed, as it seems to us, it has been frequently decided that, in fixing the liability for taxes, the test as to ownership under contracts for sale of real estate is possession. Such is stated to be the rule in 29 Am. & Eng.

Enc. (1st Ed.) 125, and the cases cited, support the doctrine of the text. See, also, Warvelle on Vendors (2d Ed.) section 179, and cases cited.

We conclude that the ruling of the court below upon the demurrer was right, and it is AFFIRMED.