WILLIAM B. MOHR, Appellee, v. J. L. JOSLIN, Appellant.

Real property: LIABILITY OF VENDOR FOR TAXES. A vendor of land
1  who retains the legal title until after the close of the year when the tax falls due is liable for the accruing tax, in the absence of a different provision in his contract of sale; and even though he had deposited a warranty deed in escrow to be delivered at a future date upon performance by the purchaser.

Same: ESCROW: WHEN CONVEYANCE EFFECTIVE. The deposit in escrow
2  of a warranty deed pursuant to a contract of sale, to be delivered at a future date upon payment of the balance of the purchase price, does not operate to pass the title until performance by the purchaser. This rule, however, does not apply to quitclaim deeds.

Same. A deed deposited in escrow is some times by fiction of law treated
3  as delivered when deposited, but this is never done where injustice results; and in the absence of proof showing a change of possession the title will not pass under a deed in escrow, so as to affect the duty of the vendor to pay taxes.

Same: PAYMENT OF TAX BY PURCHASER: RECOVERY FROM VENDOR.
4  Where the vendor, who remained in possession after deposit of a warranty deed in escrow, to be delivered at a subsequent date, failed to pay the taxes accruing prior to delivery of the deed, and the purchaser paid the same to protect the land from sale, he was entitled to recover from the vendor, not upon the covenants of warranty in the deed, but upon an implied or quasi contract. Evans, J., dissenting.

*Appeal from Jones District Court.*—HON. F. O. ELLISON, Judge.

THURSDAY, SEPTEMBER 25, 1913.

ACTION to recover taxes upon certain lands which were purchased by plaintiff from defendant. Defendant denied liability for the taxes and pleaded that it was plaintiff's duty to pay the same. Upon the issues joined, the case was tried to the court without a jury, resulting in a judgment for plaintiff for the amount claimed, and defendant appeals.— *Affirmed.*

> *Herrick, Cash & Rhinehart,* for appellant.
> *Skinner & Coe,* for appellee.

DEEMER, J.—By written contract, entered into on the 29th day of May, 1909, plaintiff purchased from the defendant two hundred and fifty-three acres of land in Jones county, Iowa. By the terms of the agreement plaintiff paid $1,000 in cash at the time the agreement was entered into and promised to pay the further sum of $1,000 on December 1, 1909, and the remainder of the purchase price on March 1, 1910. The agreement also contained these further provisions:

The said first party agrees in consideration of the payment of the said one thousand dollars ($1,000) on December 1, 1909, to execute a warranty deed to the said premises to second party, the same to be deposited in the Citizens' Savings Bank of Anamosa, Iowa, until the time for completion of this agreement, to wit, March 1, 1910, and agrees that upon the full payment of the balance of the purchase money on March 1, 1910, that said deed will be delivered to second party and possession of the premises surrendered to second party on March 1, 1910. In case either party fails to carry out any of the provisions of this contract he is to forfeit to the other party not in default, the sum of one thousand dollars ($1,000) as liquidated damages for said failure to carry out the contract as herein set out.

Plaintiff complied with all these stipulations on his part and received a deed to the property on March 1, 1910. He discovered that the taxes assessed against the land for the year 1909 had not been paid and demanded of defendant that he pay them or refund to plaintiff enough of the purchase price whereby he might satisfy the same. This defendant refused to do, and, in order to save his land from tax sale and deed, he (plaintiff) paid the taxes thereon, amounting to $106.92, and then brought this suit to recover the amount thereof from defendant. Plaintiff did not get possession of the land or any of the rents and profits thereof during the year 1909. But defendant had a sale of his personal property on the farm on December 20, 1909, and thereafter made no other use of the premises, save to occupy them as a place of residence until March 1, 1910, when he gave plaintiff possession. The testimony also shows that plaintiff purchased some of the property at the sale, and that this remained upon the premises until he (plaintiff) took possession, and it also appears that defendant had a threshing machine upon the premises which he did not sell, and that he paid plaintiff rental on the machine from December 20, 1909, until he (defendant) removed the machine some time during the fall of 1910. The sole question in the case is: Who is primarily liable for the taxes assessed against the land for the year 1909? Code, section 1400, provides that: ''As against a purchaser, such liens (taxes on real estate) shall attach to real estate on and after the 31st day of December in each year.''

I. Defendant contends that as plaintiff purchased the land prior to December 31, 1909, and as he had executed a deed and on December 1, 1909, deposited it in escrow in such

1. REAL PROP-
ERTY: liability
of vendor for
taxes.

manner as that it could not be recalled, he is not liable for the taxes, although the deed contained a general warranty against incumbrances. The deed seems to have been executed and acknowledged on December 1, 1909, but it was not actually delivered

to plaintiff until March 1, 1910. In a broad sense plaintiff was a purchaser of the land when he entered into the contract of purchase in May, 1909. The contract was a valid and enforceable one and was not a mere option, as plaintiff contends; and the provision as to forfeiture would not prevent an action for specific performance. *Kettering v. Eastlack*, 130 Iowa, 498. But we have heretofore construed the word "purchaser" to mean something more than a buyer under an executory contract. In *Nunngesser v. Hart*, 122 Iowa, 647, and in *Clinton v. Shugart*, 126 Iowa, 179, we construed the word to mean owner of the land—the one holding the title. In the latter case we said:

. . . We think it is an established rule of law in this state that, as between the parties to an executory contract for the sale of land, where the seller retains the possession, rents, and profits until the conveyance is due, the duty rests upon him to pay the accruing taxes, in the absence of any agreement by which the purchaser assumes that obligation. This principle was expressly recognized in *Miller v. Corey*, 15 Iowa, 166; *Hunt v. Rowland*, 22 Iowa, 55; *Lillie v. Case*, 54 Iowa, 182; *Nunngesser v. Hart*, 122 Iowa, 647. The last cited case seems to be directly in point. Hart had sold plaintiff a tract of land by warranty deed, and the latter brought suit for a breach of the warranty because of a tax lien which had accrued after the contract of sale and before the conveyance. It appears that the contract, as in the present case, was purely executory, and possession was not to be given until after the deed was made. Reversing the ruling of the lower court sustaining a demurrer to the petition, we held the action could be maintained, and that the seller retaining the use and possession of the property was liable for all taxes accruing before the title passed. It is, we think, the universal rule that the holder of the legal title in the actual occupancy and possession is duly bound to pay the taxes accruing during such possession, and, in the absence of some agreement to the contrary, he cannot shift the burden to the shoulders of another. Warvelle, in his work on Vendors, Section 179, says: 'Primarily the duty of paying the same (taxes) rests upon the person who holds the legal title . . . The obligation is equally binding upon the vendee who has stipulated or agreed to pay

the same. A vendee, prior to the conveyance, who has not so agreed, will not be directly responsible for the tax. . . . As between the parties, all payments of taxes by the vendee are presumed to be made on behalf of the vendor.' The principle applied in *Nunngesser v. Hart*, 122 Iowa, 647, has been approved in *Farber v. Purdy*, 69 Mo. 601, and we find no holding to the contrary in this state or elsewhere. The enactment of Code Section 1400, fixing a date when a tax lien attaches between the seller and buyer of land, does not affect the authority of *Miller v. Corey* and other cases in which that decision is followed, for one who agrees to sell and convey at a future date, meanwhile remaining in possession of the property, continues to be the owner for the purposes of taxation until the contract is performed and the title passes, and it is this date to which we must look in applying the statute. According as the passing of the title takes place before or after the date named in the statute, will the duty of paying the taxes fall upon vendee or vendor. If, therefore, the contract before us contains no provision by which the appellees expressly or impliedly undertake the burden of the accruing taxes, we must hold it to have been appellant's duty to discharge them. Counsel insist, however, that the provision in the contract by which the appellant's deed was to warrant the title generally to the date of the contract, and thereafter only specially against her own acts, is a sufficient indication of the understanding of the parties that she was to be relieved from the payment of taxes; but this is a strained and unnatural interpretation of the language referred to. Appellees, as the holders of the contract of purchase, had an equitable right in the land which was liable to become incumbered by their acts or omissions, thus creating real or apparent clouds or burdens upon the title; and it is not an unusual thing for vendors, in making an executory contract of sale, to fence against future annoyance and controversy by limiting the effect of their covenants in this manner. She does not undertake to warrant against her own acts down to the making of the conveyance, and if, as we hold, it was her duty to pay the taxes, in the absence of an agreement to the contrary and by her neglect and failure to perform that duty, the title has become incumbered, we see no reason why it may not be said to be, in a very just sense of the word, the result of her own act, for which she would be liable on her covenants.

Unless, then, plaintiff became the owner of the land by reason of the deposit of the deed in escrow, or because of the fact that the deed bears date December 1, 1909, and does not specifically covenant against incum-

2. SAME: escrow: when convey-ance effective.

brances after that date, the defendant is in law bound to refund the taxes paid by plain-tiff, for he (defendant) was the owner of the land, under the authorities cited, until March 1, 1910. It is true that the instrument in question was delivered in escrow, but it was an escrow which depended upon the fulfillment of a con-dition on the part of the grantee, to wit, the payment of the remainder of the purchase price, and not a mere contingency as the death of the grantor or the mere lapse of time. In such circumstances title does not pass until full performance by the grantee of the conditions undertaken on his part. *Jackson v. Rowley,* 88 Iowa, 184; *McGregor v. McGregor,* 21 Iowa, 441; *Sioux City Co. v. Wilson,* 50 Iowa, 422. Until performance, the books almost invariably hold that the title remains in the grantor. *Haven v. Kramer,* 41 Iowa, 382; *Wolcott v. Johns,* 7 Colo. App. 360 (44 Pac. 675); *Coe v. Turner,* 5 Conn. 86; *Burkam v. Burk,* 96 Ind. 270; *Chadwick v. Tatem,* 9 Mont. 354 (23 Pac. 729); *Wier v. Batdorf,* 24 Neb. 83 (38 N. W. 22); *Wheelwright v. Wheelwright,* 2 Mass. 447 (3 Am. Dec. 66).

But, where justice requires it, the doctrine of relation obtains and by a fiction the deed is treated as delivered when deposited in escrow. *Davis v. Clark,* 58 Kan. 100 (48 Pac. 563); *Lindley v. Groff,* 37 Minn. 338 (34 N.

3. SAME.

W. 26); *Hoyt v. McLagan,* 87 Iowa, 746. If such doctrine would be inequitable, it is never enforced, and in the absence of proof, showing the taking of possession, the title does not pass so as to affect the duty of the grantor to pay the taxes, unless it appears that the vendee has taken possession and has had the use and enjoyment of the property. See cases hitherto cited and *Trask v. Trask,* 90 Iowa, 318; *Sackett v. Osborn,* 26 Iowa, 146; *Baldwin v. Mayne,* 42 Iowa, 131; *Lillie*

*v. Case,* 54 Iowa, 177; *Hunt v. Rowland,* 22 Iowa, 53; *Miller v. Corey,* 15 Iowa, 166.

As the title did not pass, and as the vendor remained in possession, it was the duty of the latter to pay the taxes. Of course this rule does not apply to a quitclaim deed, for the purchaser under such a deed simply gets what the grantor has to give; but in deeds of bargain and sale, whether with or without warranty, the rule manifestly does apply, especially where the grantor remains in possession. *Sibley v. Bullis,* 40 Iowa, 429; *Steele v. Bank,* 79 Iowa, 339.

II. But it is said that, as the deed bears date December 1, 1909, there has been no breach of the covenants of warranty therein and plaintiff cannot recover. If the action were upon the deed, this proposition would be conclusive in defendant's favor. But the action is not upon an express covenant. Instead it is based upon an implied or quasi contract, due to the fact that plaintiff, to save his land from sale, was compelled to pay an obligation of the defendant; an obligation which, as between the parties, defendant was bound to observe. *Tuttle v. Armstead,* 53 Conn. 175 (22 Atl. 677); *Wells v. Porter,* 7 Wend. (N. Y.) 119. Whenever one party is compelled to pay money which another ought to have paid, the former is allowed to recover the amount paid from the latter on the theory of a quasi or constructive contract. *Iowa L. & T. Co. v. King,* 66 Iowa, 322.

4. SAME: payment of tax by purchaser: recovery from vendor.

The trial court was right in holding defendant liable, and its judgment must be, and it is, *Affirmed.*

EVANS, J. (dissenting).—I reach the contrary conclusion. I think the rights of the parties must be ascertained from the provisions of their contract and the covenants of the deed executed in pursuance thereof. The contract called for a warranty deed to be executed and delivered in escrow on December 1, 1909. It was so executed and delivered in strict accord with the contract. In the second division of the majority opinion, it is conceded that "there has been no

breach of the covenants of warranty," and that, "if the action were upon the deed," the defendant must prevail. It is said that the "action is not upon an express covenant" but is "upon an implied or quasi contract." Reliance is placed upon our previous cases of *Nunngesser v. Hart,* 122 Iowa, 647; *Clinton v. Shugart,* 126 Iowa, 179. The *Nunngesser* case was a suit upon the express covenants of a warranty deed which had been executed after the taxes had become a lien and recovery was allowed thereon. By the express concession of the majority, such a suit would not avail the plaintiff herein. The *Clinton* case was a suit upon the written contract of sale. The taxes in question became a lien on the land before the execution of a deed by the seller. Construing the contract, it was held that the seller was liable for the taxes. The contract in that case had been drawn upon a printed blank form. The printed form used contained a printed provision that all future taxes should be paid by the purchaser. This printed provision was erased from the contract. Another provision was written into the contract that certain paving assessments to accrue should be paid by the purchaser. Stress was laid upon these circumstances in construing the contract in favor of the purchaser as to taxes becoming liens before the execution of the deed and before the possession of the purchaser. Neither of these cases, therefore, can be regarded as authority for the majority on the theory of implied contract.

The other cases cited, such as *Miller v. Corey,* 15 Iowa, 166, *Hunt v. Rowland,* 22 Iowa, 55, and *Sackett v. Osborn,* 26 Iowa, 146, do not sustain the majority holding. In each case the *vendee* was held liable for taxes accruing while he was in possession, even though he had received no deed in pursuance of his contract. That is not the question involved here. The question here is: Is the obligation of the seller to the purchaser measured by the terms of his contract and the covenants of his deed? It is said by the majority that he is liable, not on his express covenant, but on an "implied contract due to the fact that plaintiff was compelled to pay an

*obligation* of the defendant.'' The trouble with this argument is that it assumes as its major premise that defendant was under *obligation* to pay the taxes. Was he under such obligation? This is the heart of the controversy. I think such question should be determined by the terms of the contract and covenants and not by implications outside of such covenants.

Concededly plaintiff cannot recover upon the written contract or upon the covenants of the deed. I can find no previous case where recovery has been permitted to the grantee in a warranty deed except upon the covenants of such deed. The reasoning of the majority would necessarily hold the seller liable for the taxes of the current year, even though he had conveyed, or contracted to convey, the land by quitclaim deed only. If thus liable for the taxes of the current year, I see no escape from the further logical conclusion that he would be likewise liable for all delinquent taxes having accrued during his ownership. Whether the same reasoning would not logically carry us still further and hold the seller by quitclaim deed liable for mortgage and judgment liens accruing during his ownership, I will not speculate. I would reverse.