*801 OPINION.
Trussell :
The Board has no jurisdiction to determine the decedent’s tax liability for the year 1920, under authority of Cornelius Cotton Mills, 4 B. T. A. 255.
The respondent has taken the position that the sale in question was made in 1921 upon the furnishing of an- abstract of title, the •delivery of the deed and possession of the land and he has included the $16,000 profits in income for the year 1921. The petitioners contend that the sale was made in 1920 and that the $16,000 profits are taxable for the year 1920.
The question presented for determination is whether under the agreement set out in the findings of fact, there was a sale of the land in 1920 or whether the sale was made in February, 1921.
The petitioners have stressed the point that the agreement provides “has this day sold,” and contends that those words must be taken as meaning a present conveyance on the date of the agreement. The main rule of construction of agreements is to ascertain and give effect .to. the intention of the parties as expressed in the agreement; *802 and to this end the contract or agreement should’ be construed as a whole and greater regard given to the intention as shown by the entire agreement, than to the separate meaning of any particular words or expressions.
In the case at bar, the agreement had not been completed during 1920 and its terms provided for certain acts to be performed during 1921 when the sale was consummated. A reading of the whole agreement makes it clear that the instrument was not intended as a conveyance of the property on August 14, 1920, but rather as an agreement for conveyance on or before March 1, 1921. That the decedent’s ownership during 1920 was subject to equities arising in favor of the obligee, is not material in this proceeding which is for the purpose of determining whether decedent derived the profits in question during 1920 or 1921.
The case of Nunngesser v. Hart, 122 Iowa 647; 98 N. W. 505, is briefly as follows:
A contract executed September 26, 1900, recited that defendant “has this day sold” plaintiff certain premises, the purchase price to be paid in specified payments, and that defendant “agrees to give” plaintiff “a good and sufficient warranty deed * * * and possession on March 1, 1901, if payments are made in accordance with this contract.” Plaintiff performed his part, and on the agreed date, defendant executed a deed and gave plaintiff possession. Code § 1400, provides that, as between vendor and vendee tax liens attached on and after December 31st of each year, and taxes on real estate are required to be paid by the owner. Held, that the contract was not a conveyance, but a mere agreement for conveyance, and that defendant was still the owner of the premises at the time the taxes for 1920 became a lien thereon, and was liable for such taxes.
We are of the opinion that the determination of the Commissioner must be sustained.

Judgment will be entered for the respondent.